SHIVERS, Judge.
This appeal is from a summary final judgment awarding past due installment payments plus interest and attorney’s fees. We affirm in part and reverse in part.
*630 Charles Boyette sold an apartment complex in Jacksonville to Arnett and Francis Greene on May 25, 1988. The Greenes executed and delivered a mortgage and note to Boyette, who personally financed ninety six percent of the purchase price. The principal amount of the note is $240,-000. The interest rate is ten and one eighth percent. The monthly payments are $2,202.07 for fifteen years.
On February 16, 1990, Boyette sued the Greenes to recover overdue payments from September 1988 through January 1990. On August 3, 1990, the trial court granted summary judgment for Boyette and awarded him $16,125.40, including interest and attorney’s fees. The Greenes paid the judgment.
On October 15, 1990, Boyette sued the Greenes to recover overdue payments from February 1990 through September 1990. On January 11, 1991, the trial court granted summary judgment for Boyette and awarded him $22,325.84, including interest and attorney’s fees. The trial court ruled the total amount “shall bear interest at the rate of 12% per annum from the date hereof until paid....”
The Greenes first argue that the doctrines of merger, estoppel by judgment, and res judicata should prevent Boyette from becoming unjustly enriched by suing twice to recover overdue payments. We reject this argument because “it is axiomatic that a suit for one installment payment does not preclude suit for a later installment on a divisible contract....” Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468, 472 (Fla. 2d DCA 1963).
The Greenes next argue — and Boy-ette concedes — that the trial court erred by awarding interest at a rate greater than ten and one eighth percent. Section 55.-03(1), Florida Statutes (1981), provides:
A judgment or decree entered on or after October 1, 1981, shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
Accordingly, we reverse the award of interest to the extent its rate exceeds ten and one eighth percent. The summary final judgment is otherwise affirmed.
AFFIRMED in part and REVERSED in part.
WOLF, J., and WENTWORTH, S.J., concur.