PER CURIAM.
We affirm the summary final judgment of foreclosure. Even though an earlier foreclosure action filed by appellee was dismissed with prejudice, the application of res judicata does not bar this lawsuit. The first foreclosure action sought relief due to appellants’ failure to make payments from September 1, 1999 onward, with interest accruing from August 1, 1999 through February 1, 2000; this foreclosure action was based on appellants’ failure to make payments from April 1, 2000 onward, with interest accruing from March 1, 2000 through July 1, 2001. The second action involved a new and different breach.
In Capital Bank v. Needle, 596 So.2d 1134 (Fla. 4th DCA 1992), we wrote:
Our reading of the case law ... leads us to conclude that a final adjudication in a foreclosure action that also prays for a deficiency judgment on the underlying debt may, but does not necessarily, bar a subsequent action on the debt. For instance, if the plaintiff in a foreclosure action goes to trial and loses on the merits, we do not believe such plaintiff would be barred from filing a subsequent foreclosure action based upon a subsequent default. The adjudication merely bars a second action relitigating the same alleged default.
Id. at 1138 (emphasis in original); see also Olympia Mortgage Corp. v. Pugh, 774 So.2d 863 (Fla. 4th DCA 2000), review denied, 791 So.2d 1100 (Fla.2001).
AFFIRMED.
STEVENSON, GROSS and MAY, JJ., concur.