882 So.2d 1004 (2004)
Gwendolyn SINGLETON, et vir., Petitioners,
v.
GREYMAR ASSOCIATES, Respondent.
No. SC03-936.
Supreme Court of Florida.
September 15, 2004.
*1005 William Chennault of Chennault Attorneys and Counsellors at Law, Fort Lauderdale, FL, for Petitioner.
Mark Evans Kass, Miami, FL, for Respondent.
PER CURIAM.
We have for review Singleton v. Greymar Associates, 840 So.2d 356 (Fla. 4th DCA 2003), which expressly and directly conflicts with the decision in Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla. 2d DCA 1963). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set out below we approve the decision in Singleton and hold that a dismissal with prejudice in a mortgage foreclosure action does not necessarily bar a subsequent foreclosure action on the same mortgage.

PROCEEDINGS TO DATE
Greymar Associates brought two consecutive foreclosure actions against Gwendolyn Singleton alleging default on a mortgage and note between the parties. Singleton v. Greymar Assocs., 840 So.2d 356, 356 (Fla. 4th DCA 2003). The first action was predicated on an alleged default that the mortgagors had failed to make payments due from September 1, 1999 to February 1, 2000. Id. After the mortgagee, Greymar, failed to appear at a case management conference, the circuit court dismissed the foreclosure action with prejudice.[1]Id. Subsequently, a second foreclosure action was brought alleging a default that the mortgagors had failed to make payments from April 1, 2000, onward. Id. The circuit court eventually entered a summary final judgment of foreclosure for the mortgagee in the second suit, rejecting the defense that the prior dismissal barred relief in the second action. Id.
On appeal, the Fourth District affirmed the circuit court's decision, finding that "[e]ven though an earlier foreclosure action filed by appellee was dismissed with prejudice, the application of res judicata does not bar this lawsuit.... The second action involved a new and different breach." Id. To support its decision, the Fourth District quoted its holding in a similar previous case, which stated: "`[A] final adjudication in a foreclosure action *1006 that also prays for a deficiency judgment on the underlying debt may, but does not necessarily, bar a subsequent action on the debt.'" Id. (quoting Capital Bank v. Needle, 596 So.2d 1134, 1138 (Fla. 4th DCA 1992)). Singleton petitioned this Court for jurisdiction, citing express and direct conflict between the Fourth District's decision and the Second District's decision in Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla. 2d DCA 1963).
Stadler also involved two successive foreclosure actions. Id. at 469. In the first action, the circuit court dismissed the complaint with prejudice upon the defendants' motion because the plaintiffs did not take testimony within the time period provided by the Rules of Civil Procedure. Id. Thereafter, the plaintiffs filed a second action alleging that the mortgagor had again defaulted on the note. Id. at 469-70. ("Their complaint was essentially identical to that in the first suit except a default of payment due in August, 1960, rather than the May default was alleged."). The Second District reversed a judgment of foreclosure and held that res judicata prohibited the bringing of the second action. Id. at 472-73. The Second District discussed the fact that the existence of the acceleration clause was key to their analysis:
The essential question is whether the election to accelerate put the entire balance, including future installments at issue. If it was at issue then the second action seeks the same relief under the same contract and is predicated on a failure to comply with the same requirement. There can be no doubt that the accelerated balance was at issue and that the prayer of the complaint sought, not one interest installment, but the entire amount due. Accordingly, it seems clear that the actions are identical.
....
The cause of action in both suits being identical, the doctrine of res judicata is, as the learned chancellor held, applicable.
Id. at 472-73. We have accepted jurisdiction to review the conflict between the holdings in these cases.

RES JUDICATA IN FORECLOSURE CASES
The Fourth District has consistently taken the position that res judicata does not prevent mortgagees from foreclosing on a mortgage in successive foreclosure cases when the alleged dates of default are different. See Singleton, 840 So.2d at 356; Capital Bank v. Needle, 596 So.2d at 1138; see also Olympia Mortgage Corp. v. Pugh, 774 So.2d 863, 867 (Fla. 4th DCA 2000) ("A comparison of the two foreclosure actions reveals that the facts necessary to establish a default in the first foreclosure action differ from the facts necessary to establish a default in the second foreclosure action."); State Street Bank & Trust Co. v. Badra, 765 So.2d 251, 254 (Fla. 4th DCA 2000) ("The doctrine of res judicata has no applicability where there was no adjudication on the merits in the first suit and where the relief in the second suit was not the same relief sought in the first suit.").
In contrast, the Second District's holding in Stadler shows that it takes a stricter and more technical view of mortgage acceleration elections. See 150 So.2d at 472 ("While it is axiomatic that a suit for one installment payment does not preclude suit for a later installment on a divisible contract, the scant authority found seems unanimous in the view that an election to accelerate puts all future installment payments in issue and forecloses successive suits.").
We agree with the position of the Fourth District that when a second and separate action for foreclosure is sought *1007 for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by res judicata. See Capital Bank, 596 So.2d at 1138 ("[W]e do not believe that dismissal of the foreclosure action in this case barred the subsequent action on the balance due on the note."). In Capital Bank, after reviewing the case law on the issue, the court concluded:
Our reading of the case law set out above leads us to conclude that a final adjudication in a foreclosure action that also prays for a deficiency judgment on the underlying debt may, but does not necessarily, bar a subsequent action on the debt. For instance, if the plaintiff in a foreclosure action goes to trial and loses on the merits, we do not believe such plaintiff would be barred from filing a subsequent foreclosure action based upon a subsequent default. The adjudication merely bars a second action relitigating the same alleged default. A dismissal with prejudice of the foreclosure action is tantamount to a judgment against the mortgagee. That judgment means that the mortgagee is not entitled to foreclose the mortgage. Such a ruling moots any prayer for a deficiency, since a necessary predicate for a deficiency is an adjudication of foreclosure. There was no separate count in the Capital Bank complaint seeking a separate recovery on the promissory note alone.
Accordingly, we do not believe the dismissal of the foreclosure action in this case barred the subsequent action on the balance due on the note.
Id. at 1134; see also Frumkes v. Mortgage Guarantee Corp., 173 So.2d 738, 740-41 (Fla. 3d DCA 1965) ("Denial of an application for deficiency decree for jurisdictional reasons as distinguished from equitable grounds is not res judicata so as to bar an action thereon at law.")
While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue. See Olympia Mortgage Corp., 774 So.2d at 866 ("We disagree that the election to accelerate placed future installments at issue."); see also Greene v. Boyette, 587 So.2d 629, 630 (Fla. 1st DCA 1991) (holding that a mortgagee can successfully recover twice on one mortgage for multiple periods of default because the payments were different "installments"). For example, a mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven.
This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship. For example, we can envision many instances in which the application of the Stadler decision would result in unjust enrichment or other inequitable results. If res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her *1008 from future foreclosure actions on the note  merely because she prevailed in the first action. Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.
We must also remember that foreclosure is an equitable remedy and there may be some tension between a court's authority to adjudicate the equities and the legal doctrine of res judicata. The ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent mortgagees from being able to challenge multiple defaults on a mortgage. See deCancino v. Eastern Airlines, Inc., 283 So.2d 97, 98 (Fla.1973) ("[T]he doctrine [of res judicata] will not be invoked where it will work an injustice...."). We can find no valid basis for barring mortgagees from challenging subsequent defaults on a mortgage and note solely because they did not prevail in a previous attempted foreclosure based upon a separate alleged default.

CONCLUSION
We conclude that the doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit. In this case the subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action. Thus, we approve the Fourth District's decision in Singleton, and disapprove of the Second District's holding in Stadler.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The petitioners' brief relates that the circuit court dismissed the first action due to the respondent's failure to appear at the case management conference. Additionally, the petitioners' brief states that both foreclosure actions sought to accelerate the entire indebtedness against the petitioners. The respondent does not challenge these assertions.