995 So.2d 1004 (2008)
Douglas W. RANDALL, a/k/a D.W. Randall, and Julie Randall, Appellants,
v.
BISBEE-BALDWIN CORPORATION, a Florida corporation, Appellee.
No. 1D07-6217.
District Court of Appeal of Florida, First District.
October 22, 2008.
Rehearing Denied December 8, 2008.
David P. Healy of Law Offices of David P. Healy, PL, Tallahassee, for Appellants.
R. Kyle Gavin and Christian P. George of Liles, Gavin, Costantino & George, Jacksonville, for Appellee.
PER CURIAM.
Appellants challenge an Amended Final Judgment in Foreclosure. We affirm the trial court's rulings concerning appellants' *1005 affirmative defenses and counterclaim as well as the due diligence fee. We reverse and remand the portion of the court's order directing the sale of the separate properties "all at once."
Initially, the trial judge appeared of the mind to order sequential sales, from the discussion at the bench trial. Indeed, appellee's attorney at first seemed to agree, or at least not object to, the sequential sales, at least up to the point where appellee's chairman voiced his opinion, "I would rather not do it that way. I would rather have them all in one ." The original judgment ordered the sale of the properties "all at once." Appellants filed a motion for rehearing and, evidently, at the hearing on the motion, the judge again indicated he would order a sequential sale.
Following the hearing, and prior to the judge's entry of an order, appellee filed a motion indicating that a sequential sale, week-by-week, could not be handled by the clerk's office. The motion states that, at the hearing, "[i]t was requested that Amended Judgment be entered whereby the four (4) parcels of real estate used to secure the loan would be sold in Duval County week by week," but the motion does not indicate who made this request, nor could a transcript of the hearing be found in the record on appeal. The motion also states that "with the parcels sold week to week, it is impossible to determine the value of the parcels," as "the appraisals... were not `as is' and they would only be marketable if certain improvements were made which require substantial investment into the real estate." The court subsequently entered an amended judgment, again directing that the sales occur "all at once."
The Florida Supreme Court has explained that the trial court has discretion in setting the terms of the foreclosure sale:
"The court has power to fix the terms of the sale. The ordinary fixing of terms is discretionary and will not be disturbed unless there is clear abuse of discretion."
Coombes v. Wheeler, 131 Fla. 593, 179 So. 785, 786 (1938) (quoting 1 Wiltsie, Mortgage Foreclosure § 655 (4th ed.)). "We must also remember that foreclosure is an equitable remedy...." Singleton v. Greymar Assocs., 882 So.2d 1004, 1008 (Fla. 2004).
On this record, the trial judge should not have required that the sales occur all at once. From the documents in the record, the total value of all the properties at issue more than satisfies the amount owed to appellee. Appellee has an interest in recovering the amount owed to it; however, nothing indicates a serial sale will not accomplish that result.
Moreover, given the value of the appraisals submitted to the trial court, the sale of the properties all at once could well result in the sale of more properties than necessary to satisfy the judgment. Such a result is contrary to "the rule in Florida that a sale in parcels is preferred over a sale en masse where the former is practical and equitable to all parties." Applefield v. Fid. Fed. Sav. & Loan Ass'n of Tampa, 137 So.2d 259, 261 (Fla. 2d DCA 1962). In Applefield, the court also noted "the general rule that mortgage sales will be controlled by the Court so that no injustice will be done to either party; the sale may be of the entire property or of such part as will best conduce to that end, and the circumstances of each particular case must be considered in determining in what manner the sale should be made." Id. at 262; see generally Watson v. Vafides, 212 So.2d 358, 361 (Fla. 1st DCA 1968) ("[T]he historical reason for equitable courts to have asserted jurisdiction in *1006 controversies between mortgagors and mortgagees has been for the primary purpose of holding an umbrella over the head of a mortgagor, protecting him from the harsh rain of forfeiture, and allowing him the right of redemption under equitable principles.").
Further, in deviating from his apparent initial inclination (to order sequential sales), the trial judge appears to have relied only on the statements of appellee's attorney, in the "Emergency Motion for Rehearing," that the sequential sales were not practical and may not result in satisfaction of the debt. At oral argument, counsel for appellee expressed a concern that sequential sales would result in a problem of valuation for the earlier sold parcels. In the course of further proceedings, the trial court may decide to balance this concern, if supported by an appropriate showing, against the equitable benefits of sequential sales.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
KAHN, LEWIS, and ROBERTS, JJ., concur.