WARNER, J.
Appellant, Evergrene Partners, challenges the dismissal of its complaint to cancel two mortgages held by appellee, Citibank, on property owned by Ever-grene. While appellant alleged that the statute of limitations had run on any right to foreclose on the mortgages, thus requiring the cancellation of the mortgages, the trial court disagreed. We agree with the trial court that appellant is not entitled to the cancellation of the mortgages, because the statute of limitations has not run on the enforcement of the mortgages.
In 2006, mortgagors executed two notes and mortgages on their property, which notes and mortgages were acquired by Citibank. The mortgagors defaulted on the notes, and Citibank filed suit to foreclose in August 2007, alleging a default in the payments and accelerating the balance due. Litigation continued, but in May 2012, Citibank filed a voluntary dismissal of the complaint. Shortly thereafter, the mortgagors transferred the property by quit-claim deed to Evergrene Partners.
Thereafter, Evergrene filed a complaint for cancellation of the mortgages on the property. It alleged that the five-year statute of limitations had run on their enforcement; therefore, as the mortgages were no longer enforceable, they became a cloud on Evergrene’s title.
Citibank filed a motion to dismiss the quiet title action arguing inter alia that section 95.281(1), Florida Statutes (2012), provides in part that:
(1) The lien of a mortgage or other instrument encumbering real property, herein called mortgage, ... shall terminate after the expiration of the following periods of time:
(a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
Both mortgages reflected a maturity date of April 1, 2036. Citibank argued the mortgage liens did not terminate until 2041, which would be five years after the maturity date of the loans. The trial court agreed with this argument and dismissed the quiet title action, prompting this appeal. We review de novo the dismissal of a complaint for failure to state a cause of action. Acad. Express, LLC v. Broward Cnty., 53 So.3d 1188, 1190 (Fla. 4th DCA 2011).
While a foreclosure action with an acceleration of the debt may bar a subsequent foreclosure action based on the same event of default, it does not bar subsequent actions and acceleration based upon different events of default. See Singleton v. Greymar Assocs., 882 So.2d 1004, 1008 (Fla.2004) (holding that “doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether, or not the mortgagee sought to accelerate payments on the note in the first suit.”); see also Star Funding Solutions, LLC v. Krondes, 101 So.3d 403 (Fla. 4th DCA 2012). Therefore, the statute of limitations has not run on all of the payments due pursuant to the note, and the mortgage is still enforceable based upon subsequent acts of default.
Kaan v. Wells Fargo Bank, N.A, 981 F.Supp.2d 1271 (S.D.Fla.2013), presents a case virtually identical to this case. There, Wells Fargo had filed a complaint for foreclosure based upon a default on the promissory note in 2007, alleging acceleration of the balance. In 2011, it voluntarily dismissed the complaint. Kaan then filed suit to quiet title in 2013, alleging that any subsequent suit for recovery under the note and mortgage through its maturity in 2046 would be barred by the statute of *956 limitations. Relying on Singleton, the court dismissed the quiet title action:
While any claims relating to individual payment defaults that are now more than five years old may be subject to the statute of limitations, each payment default that is less than five years old, i.e., since October, 2008, created a basis for a subsequent foreclosure and/or acceleration action.... Accordingly, the note and mortgage remain a valid and enforceable lien against Plaintiffs property, and do not, as a matter of law, constitute a cloud on Plaintiffs property supporting a quiet title claim.
Id. at 1274 (citations omitted).
Recently, in U.S. Bank National Ass’n v. Bartram, 140 So.3d 1007, 39 Fla. L. Weekly D871 (Fla. 5th DCA Apr. 25, 2014), the Fifth District applied Singleton to conclude that enforcement of a mortgage and note was not barred 'by the statute of limitations even where the prior foreclosure suit was involuntarily dismissed pursuant to Florida Rule of Civil Procedure 1.420. In the present case, as in Kaan, Citibank filed its notice of voluntary dismissal. A voluntary dismissal is not an adjudication on the merits and therefore will not support a claim of res judicata. See Froman v. Kirland, 753 So.2d 114, 116 (Fla. 4th DCA 1999). Therefore, the claims of acceleration and subsequent acts of default have never been adjudicated on their merits in this case, and any acts of default still within the statute of limitations may be raised in a subsequent suit. The trial court did not err in dismissing Evergrene’s complaint.

Affirmed.

DAMOORGIAN, C.J., and MAY, J., concur.