PER CURIAM.
On May 25, 2007, Appellants gave a note and mortgage in the amount of $156,000 to Appellees. The mortgage went into default on October 1, 2009, and on March 5, 2010, foreclosure was filed. Appellees sought to foreclose on the Garcias’ property. For several months, litigation proceeded as normal and then, suddenly, all activity ceased. Nothing transpired between November 12, 2010, and November 7, 2011, when Appellants filed a notice of intent to dismiss for lack of prosecution, which was mailed to Appellees on November 4, 2011. Nothing more was filed in the sixty days following the notice of intent until January 6, 2012, when Appellants filed their motion to dismiss for lack of prosecution, which was mailed to Appellees on January 4, 2012. On January 17, 2012, Appellees filed a motion to amend their complaint. On February 13, 2012, the court entered its order dismissing Appel-lee’s complaint “without prejudice” and, in the same order, granting Appellee’s motion to amend. On June 7, 2012, the court acknowledged in its order that Appellee’s complaint had been dismissed for failure to prosecute.
The issue on appeal is whether the court erred in granting the leave to amend. Florida Rule of Civil Procedure 1.420(e) reads:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Clearly, Appellees filed nothing within a ten-month period. After they received notice from Appellants, they filed nothing within the sixty-day period. The court, apparently acting on its own, dismissed Appellees’ complaint without prejudice and granted Appellees’ motion to amend. There was, therefore, no noticed hearing to start the five-day clock to show cause. Appellees’ only issue is whether the court properly granted the motion to amend. We hold, however, that during the throes of rule 1.420(e), when it is time to show cause, rule 1.190(a), authorizing amendment of pleadings, is inapplicable. In any event, the court misinterpreted the rule. Rule 1.420(e) does not authorize the dismissal of a complaint; it requires the dismissal of the action. Our only appropriate action is to reverse and remand with instructions for the court to conduct a *219 good-cause hearing, and if none can be shown, dismiss the action. Appellees’ remedy then will be to file a new action for those claims not barred by the statute of limitations. See Singleton v. Greymar Assocs., 882 So.2d 1004 (Fla.2004); U.S. Bank Nat’l Ass’n v. Bartram, 140 So.Bd 1007 (Fla. 5th DCA 2014).
REVERSED and REMANDED with instructions.
ORFINGER, LAWSON, JJ., and HARRIS, C.M., Senior Judge, concur.