PER CURIAM.
Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-B, Asset-Backed Certificates, Series 2001-B, appeals the trial court’s order involuntarily dismissing its foreclosure action against Richard Wilson following a non-jury trial. Mr. Wilson cross-appeals, challenging the admission of certain business records, particularly, a copy of the note and allonges. We affirm, but write to address two issues.
Wells Fargo filed a two-count mortgage foreclosure complaint against Mr. Wilson, seeking to foreclose a mortgage and to reestablish and enforce the lost note and attached allonges under section 673.3091, Florida Statutes (2012). This required Wells Fargo to show that it was entitled to enforce the note, or directly or indirectly acquired ownership from a person entitled to enforce the note, when the loss of possession occurred. See § 673.3091(1), Fla. Stat. (2012); Beaumont v. Bank of New York Mellon, 81 So.3d 553, 554-55 (Fla. 5th DCA 2012). Wells Fargo failed to prove who lost the note, when it was lost, and who had the right to enforce the note when it was lost. Wells Fargo also failed to produce any evidence of ownership at the time of the loss. See Beaumont, 81 So.3d at 555. Based on this failure of proof, the trial court erred when it admitted a copy of the note and allonges. However, given the trial court’s involuntary dismissal of Wells Fargo’s action, the error was harmless.
*1280 Wells Fargo complains that the trial court erred by dismissing its action with prejudice. Under Florida Rule of Civil Procedure 1.420(b), unless the court in its order of dismissal otherwise specifies, a dismissal, under most circumstances, operates as an adjudication on the merits. However, the dismissal does not preclude a new foreclosure action based on different acts or dates of default. E.g., Singleton v. Greymar Assocs., 882 So.2d 1004, 1005 (Fla.2004); Star Funding Solutions, LLC v. Krondes, 101 So.3d 403, 403 (Fla. 4th DCA 2012); see also PNC Bank, N.A. v. Neal, 147 So.3d 32, 32 (Fla. 1st DCA 2013).
AFFIRMED.
LAWSON, C.J., ORFINGER and EVANDER, JJ., concur.