KELSEY, J.
Appellant challenges a final summary judgment holding that the statute of limitations bars appellant’s' action to foreclose the subject mortgage. We agree with' appellant that the statute of limitations did not bar the action. Thus, we' reverse.
It is undisputed that appellees have failed to make any mortgage payments since February 2007, the first month in which they defaulted. In April 2007, appellant’s predecessor in interest gave notice of its intent to accelerate the note based on the February 2007 breach, and filed a foreclosure action. However, the trial court dismissed that action without prejudice in October 2007, after counsel for the lender failed to attend a ease management conference.
The next relevant event occurred in November 2010, when appellant sent appel-lees a new notice- of intent to accelerate, based on appellees’ breach in March 2007 and subsequent breaches. Appellees took no action to cure the default, and appellant filed a new foreclosure action in November 2012. Appellees asserted the statute of limitations as an affirmative defense, arguing that the new action and any future' foreclosure actions were barred because *834 they were not filed within five years after the original 2007 acceleration of the note. § 95.11(2)(c), Fla. Stat. (2012) (establishing five year statute of limitations on action to foreclose a mortgage).
The principles set forth in Singleton v. Greymar Associates, 882 So.2d 1004 (Fla.2004), apply in this case. In Singleton, the Florida Supreme Court recognized “the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship.” 882 So.2d at 1007 (emphasis added). The court sought to avoid both unjust enrichment of a defaulting mortgagor, and inequitable obstacles “prevent[ing] mortgagees from being able to challenge multiple defaults on a mortgage.” Id. at 1007-08. Giving effect to those principles in light of the continuing obligations of a mortgage, the court held that “the subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action.” Id. at 1008. The court found it irrelevant whether acceleration had been sought in earlier foreclosure actions. Id. The court’s analysis in Singleton recognizes that a note securing a mortgage creates liability for a total amount of principal and interest, and that the lender’s acceptance of payments in installments does not eliminate the borrower’s ongoing liability for the entire amount of the indebtedness.
The present case illustrates good grounds for the Singleton court’s concern with avoiding both unjust enrichment of borrowers and inequitable infringement on lenders’ remedies. Judgments such as that under review run afoul of Singleton because they release defaulting borrowers from their entire indebtedness and preclude mortgagees from collecting the total debt evidenced by the notes securing the mortgages they hold, even though the sum of the installment payments not made during the limitations period represents only a fraction of the total debt. See GMAC Mortg., LLC v. Whiddon, 164 So.3d 97, 100 (Fla. 1st DCA 2015) (dismissal of earlier foreclosure action “did not absolve the Whiddons of their responsibility to make mortgage payments for the remaining twenty-five years of their mortgage agreement”). We further observe that both the note and the mortgage at issue here contain typical provisions reflecting the parties’ agreement that the mortgagee’s forbearance or inaction do not constitute waivers or release appellees from their obligation to pay the note in full. These binding contractual terms refute appellees’ arguments and are inconsistent with the judgment under review.
We have held previously that not even a dismissal with prejudice of a foreclosure action precludes a mortgagee “from instituting a new foreclosure action based on a different act or a new date of default not alleged in the dismissed action.” PNC Bank, N.A. v. Neal, 147 So.3d 32, 32 (Fla. 1st DCA 2013); see also U.S. Bank Nat. Ass’n v. Bartram, 140 So.3d 1007, 1014 (Fla. 5th DCA), review granted, 160 So.3d 892 (Fla.2014) (Case No. SC14-1305) (dismissal of earlier foreclosure action, whether with or without prejudice, did not bar subsequent foreclosure action based on a new default); Evergrene Partners, Inc. v. Citibank, N.A., 143 So.3d 954, 955 (Fla. 4th DCA 2014) (foreclosure and acceleration based on an earlier default “does not bar subsequent actions and acceleration based upon different events of default”). The dismissal in this case was without prejudice, so much the more preserving appellant’s right to file a new foreclosure action based on appellees’ breaches subsequent to the February 2007 breach asserted as the procedural trigger of the earlier foreclosure action. We find that appellant’s *835 assertion of the right to accelerate was not irrevocably “exercised” within the meaning of cases defining accrual for foreclosure actions, when the right was merely asserted and then dismissed without prejudice. See Olympia Mortg. Corp. v. Pugh, 774 So.2d 868, 866-67 (Fla. 4th DCA 2000) (“By voluntarily dismissing the suit, [the mortgagee] in effect decided not to accelerate payment on the note and mortgage at that time.”); see also Slottow v. Hull Inv. Co., 100 Fla. 244, 129 So. 577, 582 (1930) (a mortgagee could waive an acceleration election in certain circumstances). After the dismissal without prejudice, the parties returned to the status quo that existed prior to the filing of the dismissed complaint. As a matter of law, appellant’s 2012 foreclosure action, based on breaches that occurred after the breach that triggered the first complaint, was not barred by the statute of limitations. Evergrene, 143 So.3d at 955 (“[T]he statute of limitations has not run on all of the payments due pursuant to the note, and the mortgage is still enforceable based upon subsequent acts of default.”).
We are aware that the Third District has reached a contrary conclusion in Deutsche Bank Trust Co. Americas v. Beauvais, — So.3d-, 40 Fla. L. Weekly Dl, 2014 WL 7156961 (Fla. 3d DCA Dec. 17, 2014) (Case No. 3D14-575). A federal district court has refused to follow Beau-vais, noting that it is “contrary to the overwhelming weight of authority.” Stem v. Bank of America Corp., 2015 WL 3991058, at *2-3 (M.D.Fla. June 30, 2015) (No. 2:15-cv-153-FtM-29CM). The court in Beauvais acknowledges that its conclusion is contrary to the weight of authority on the questions presented. 2014 WL 7156961, at *8-9. That court’s docket shows that the court has set the case for rehearing en banc; it remains to be seen whether the merits disposition will change.
Accordingly, we reverse and remand for further proceedings on appellant’s foreclosure action.
THOMAS and MARSTILLER, JJ., concur.