PER CURIAM.
Appellant, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4, timely appeals a Final Default Declaratory Judgment .in favor of Appellees, Eliezer and Valeria Tav-eras. In the final judgment, the trial court declared Appellant’s mortgage on property *51 owned by Appellees to be invalid and unenforceable. The trial court reasoned that application of the statute of limitations would render the mortgage “legally null and void” because Appellant had previously filed a foreclosure action, based upon the mortgage, which had been dismissed for lack of prosecution more than five years earlier. We reverse.
In Singleton v. Greymar Associates, 882 So.2d 1004 (Fla.2004), the Florida Supreme Court reviewed two contrasting decisions concerning the application of res judicata to successive foreclosure actions. Id. at 1005. In the original case, of Singleton v. Greymar Associates, 840 So.2d 356 (Fla. 4th. DCA 2003), -the mortgagee brought two consecutive foreclosure actions against the mortgagors. The first action was predicated on an alleged default that the mortgagors had failed to make, payments due from September 1, 1999 to February 1, 2000. Singleton, 882 So.2d at 1005.. After the mortgagee failed to appear at a case management conference, the circuit court dismissed the foreclosure action with prejudice. Id. Subsequently, a second foreclosure action was brought alleging a default that the mortgagors had failed to make payments from April 1, 2000, onward. Id. The circuit court eventually entered a summary final judgment of foreclosure for the mortgagee in the second suit, rejecting the defense that the prior dismissal barred relief in the second action. Id. In both foreclosure actions, the mortgagee sought to accelerate the entire indebtedness against the mortgagors. Id. at 1005 n. 1. The Fourth District Court: of Appeal affirmed the circuit court’s decision, finding that res judicata did not bar the second foreclosure action because the second suit involved a new and different breach of the mortgage. Id. at 1005-06. The mortgagor petitioned the supreme court to review the Fourth District’s holding as conflicting with the Second District Court of Appeal’s holding in Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla. 2d DCA 1963), which also involved two successive foreclosure actions. The first action was dismissed with prejudice, and the second action alleged a different default date. Stadler, 150 So,2d at 469. However, tlie Second District in reversed the judgment of foreclosures on the second action, holding that res judicata prohibited the bringing of the same. Id. at 472-73. The Second District opined that the essential question was whether the election to accelerate placed the entire balance, including future installments at issue, and it found that “[tjhere can be no doubt that the accelerated balance was at issue”. Id. Accordingly, the Second District found that the causes of action in both suits were identical, making the doctrine of res judicata applicable.' Id.
The Florida Supreme Court granted review to resolve the conflict between the Fourth District in Singleton and the Second District in Stadler. The Florida Supreme Court “agree[d] with the position of the Fourth District that when a second and separate action for foreclosure is sought for a default that involves a separate period of default from the one' alleged in the first action, the case is not necessarily barred by res judicata”; thereby rejecting the “stricter and more technical view of mortgage acceleration elections” taken by the Second District; Singleton, 882 So.2d at 1006-07. The Florida Supreme Court explained:
While it is true that a- foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue. See Olympia Mortgage Corp. [v. Pugh, 774 So.2d 863, 866 (Fla. 4th DCA *52 2000) ] (“We disagree that the election to accelerate placed future installments at issue.”); see also Greene v. Boyette, 587 So.2d 629, 630 (Fla. 1st DCA 1991) (holding' that a mortgagee can successfully recover twice on one mortgage for multiple periods of default because the payments were different “installments”). For example, a mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply-placed back in the same contractual relationship with the same continuing obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven,"
This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship. For example, we. can envision many instances in which the application of the Stadler decision would result in •unjust enrichment or other inequitable results. If res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note— merely because she prevailed in the first action. Clearly, justice would not be served if the mortgagee was harred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default;
Id. at 1007-08.
As Appellant correctly points out, 'the majority of courts have continuously applied the reasoning of Singleton in situations where a mortgagor attempts to invalidate her note and mortgage and quiet title under the theory that, because five years passed from the default and acceleration of debt used to support a foreclosure action, the mortgagee was barred from enforcing its rights on future defaults. See, e.g., U.S. Bank Nat’l Ass’n v. Bartram, 140 So.3d 1007, 1013-14 (Fla. 5th DCA 2014) (holding bank’s acceleration of the payments due under promissory note, in mortgage foreclosure action that was ultimately dismissed for failure to prosecute, did not trigger the five-year statute of limitations with respect to the accelerated payments, so as to prevent a subsequent foreclosure action based on payment' defaults occurring after dismissal-of the first foreclosure action;’ each new default - created a new cause of action, causing the statute of limitations to begin to run), review granted, 160 So.3d 892 (FIa.2014); Dorta v. Wilmington Trust Nat’l Ass’n, 25 Fla. L. Weekly Fed. D 267, 2014 .WL 1152917 (M.D.Fla. March 24, 2014) (“While Wilmington may be barred from seeking foreclosure based on defaults more than five years old, it is not barred from seeking foreclosure or from invoking its right to accelerate the entire indebtedness based on more recent defaults, including the manner in which Ms. Dorta obtained her quit claim deed. The Note and the Mortgage remain valid and enforceable. Because Ms. Dorta has failed to properly allege that the December 21, 2007 foreclosure action invalidates the Note and the Mortgage and bars any future attempts to enforce both, she--.has failed to properly allege a cloud to her title on the Subject Property.”); Kaan v. Wells Fargo Bank, *53 N.A., 981 F.Supp.2d 1271, 1274 (S.D.Fla. 2018) (recognizing that under Florida law, voluntary dismissal of mortgage assignee’s earlier foreclosure action did not invalidate the note and mortgage, as would bar subsequent foreclosure actions for defaults on subsequent payments; rather, the note and mortgage remained a valid and enforceable lien against mortgagor’s property and did not constitute a cloud on the property supporting a quiet title claim); but see Deutsche Bank Trust Co. Ams. v. Beauvais, — So.3d -, 40 Fla. L. Weekly Dl, 2014 WL 7156961 (Fla. 3d DCA Dec. 17, 2014) (distinguishing Bar-tram and holding that involuntary dismissal withqut prejudice of initial foreclosure action did not by itself negate, invalidate or otherwise decelerate lender’s acceleration of the debt in the initial action, and thus, filing of subsequent foreclosure action, after expiration of the statute of limitations, was barred; lender’s acceleration of the debt triggered the commencement of the statute of limitations; and because the installment nature of the loan payments was never reinstated following the acceleration, there were no “new” payments due and thus there could be no “new” default following the dismissal without prejudice of the initial action).[1]
REVERSED.
LAWSON, C.J., COHEN and LAMBERT, JJ., concur.

. We note that courts have declined to follow Beauvais. E.g., Solonenko v. Georgia Notes 48, LLC, 182 So.3d 876 (Fla. 4th DCA 2016); Nationstar Mortg., LLC v. Brown, 175 So.3d 833 (Fla. 1st DCA 2015); accord In re Gonzalez, 544 B.R. 716, (Bkrtcy.S.D.Fla.2016); In re Anthony, 534 B.R. 834, 838 (Bkrtcy. M.D.Fla.2015); Summerlin Asset Mgmt. V Trust v. Jackson, 2015 WL 4065372 (S.D.Fla. July 2, 2015); Stern v. Bank of Am. Corp., 112 F.Supp,,3d 1297 (]VLD.Fla.2015); LNB-017-13, LLC v. HSBC Bank USA, 96 F.Supp,3d 1358 (S.D.Fla.2Ó15). We further note that Beauvais has been set for rehearing en banc by the Third District.