# Third District Court of Appeal

## State of Florida

Opinion filed April 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2208
Lower Tribunal No. 14-2149

_____

## Jorge Pablo Collazo and Maria Edith Collazo,
Appellants,

vs.

## HSBC Bank USA, N.A.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge.

Hector A. Pena, for appellants.

Albertelli Law (Tampa), for appellee.

Before SHEPHERD, SALTER and EMAS, JJ.

SALTER, J.

Jorge and Maria Collazo appeal a final judgment of foreclosure entered on a defaulted residential mortgage. The appellee and mortgagee, HSBC Bank USA,

N.A. ("HSBC"),[1] commenced the lawsuit below in January 2014, over five years after (a) the alleged payment default, (b) acceleration of the entire indebtedness in a notice sent to the Collazos in 2008, and (c) the commencement of a previous foreclosure suit in 2008, dismissed without prejudice in 2011 following HSBC's failure to comply with a court order. The Collazos maintain that the final judgment of foreclosure must be reversed because of the expiration of the five-year statute of limitations[2] applicable to the mortgage note.

This Court's decision issued today on rehearing en banc in the case of Deutsche Bank Trust Co. Americas v. Beauvais, No. 3D14-575 (Fla. 3d DCA Apr. 13, 2016), holds that the five-year statute does not bar a second foreclosure suit filed on a subsequent payment default occurring within the five-year statutory period preceding the commencement of the second suit. The Fifth District has reached a similar conclusion in the case of U.S. Bank National Association v. Bartram, 140 So. 3d 1007, 1014 (Fla. 5th DCA), review granted, 160 So. 3d 892 (Fla. 2014) ("Therefore, we conclude that a foreclosure action for default in payments occurring after the order of dismissal in the first foreclosure action is not barred by the statute of limitations found in section 95.11(2)(c), Florida Statutes, provided the subsequent foreclosure action on the subsequent defaults is brought

---

[1] HSBC did not respond to an order directing it to file an answer brief, nor has it filed a memorandum of points and authorities in support of its position.

[2] § 95.11(2)(c), Fla. Stat. (2014).

2

within the limitations period.").

The record in the present case, however, discloses that HSBC asserted the same payment default and basis for acceleration in both the 2008 and 2014 complaints. As a result, we reverse the final judgment of foreclosure and remand the case for disposition in accordance with today's opinion in Beauvais.[3] On remand, the trial court is to determine the correct sum of principal and interest due under the mortgage note calculated by excluding monthly instalment payments due over five years before the commencement of the second foreclosure suit by HSBC (January 24, 2014). That recalculation will also affect the Collazos' redemption rights under the terms of the mortgage.[4]

Reversed and remanded with instructions.

---

[3] Our Beauvais decision and the case at hand may also be affected by the Florida Supreme Court's determination of the limitations issues in the pending Bartram case.

[4] On remand, the trial court should also confirm the identity of the plaintiff (identified in paragraph 3 of the final judgment under review as "PHH Mortgage" rather than HSBC).