IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

      Appellant,

v.                                     Case No.  5D17-1369

CAROL COOK A/K/A CAROL E. COOK,

      Appellee.

_____/

Opinion filed June 15, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Kathleen E. Angione, of Kahane &
Associates, P.A., Plantation, for Appellant.

J. Christopher Crowder, of Faro & Crowder,
P.A., Melbourne, for Appellee.

PER CURIAM.

Federal National Mortgage Association ("FNMA") appeals an order granting final summary judgment in favor of Carol Cook and the order denying its motion for rehearing. Because the trial court erred in entering summary judgment on the grounds of res judicata, we reverse and remand for further proceedings.

In 2009, Aurora Loan Services, LLC filed a complaint to foreclose on Cook's mortgage. The complaint alleged that Cook defaulted on the June 1, 2009 payment and all payments due thereafter, and sought the principal amount due of $138,201.79. FNMA

subsequently became the substitute plaintiff. After a non-jury trial, the court entered a final judgment in favor of Cook because FNMA failed to establish that a notice of acceleration had been sent.

FNMA filed a second foreclosure complaint in 2014. The complaint alleged default on the September 1, 2009 payment and all subsequent payments, and sought $137,792.47 as the principal amount due. As one of her affirmative defenses, Cook alleged that res judicata barred the 2014 case based on the 2009 final judgment. The trial court agreed and entered final summary judgment in favor of Cook. That was error.

In Singleton v. Greymar Associates, 882 So. 2d 1004, 1008 (Fla. 2004), the Florida Supreme Court addressed res judicata in the foreclosure context and held that "res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit." In that case, a "subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." 882 So. 2d at 1008. This court has relied on Singleton to conclude that dismissal of a prior foreclosure suit, even with prejudice, "does not preclude a new foreclosure action based on different acts or dates of default." Wells Fargo Bank, N.A. v. Robinson, 168 So. 3d 1279, 1280 (Fla. 5th DCA 2015).

We reject Cook's argument that because both complaints alleged default on "all subsequent payments," res judicata barred the instant case. That language is not dispositive of the issue because FNMA alleged a different and subsequent default date in the 2014 case. See, e.g., Christiana Tr. v. Taveras, 186 So. 3d 50, 51–53 (Fla. 5th DCA 2016) (noting that res judicata did not bar mortgagee from enforcing its rights under

2

mortgage based on future defaults after mortgagee's prior foreclosure action was dismissed). In the 2009 case, FNMA alleged default on June 1, 2009, and all subsequent payments; in the 2014 case, FNMA asserted default on September 1, 2009, and all subsequent payments. FNMA also alleged different principal amounts due in both cases. Thus, the subsequent and different default in the 2014 case presented a separate and distinct issue from that presented in the 2009 case for purposes of res judicata. See Singleton, 882 So. 2d. at 1008; Robinson, 168 So. 3d at 1280; Taveras, 186 So. 3d at 51–53. The inclusion of "and all subsequent payments" does not alter this result. Accordingly, the trial court erred in entering final summary judgment based on a finding that res judicata barred the 2014 case.

REVERSED AND REMANDED.

COHEN, C.J., PALMER and BERGER, JJ., concur.