**Ronald N. KAAN, Plaintiff,**

v.

**WELLS FARGO BANK, N.A.; Flagstar Bank, FSB; and Mortgage Electronic Registration Systems, Inc., Defendants.**

**Case No. 13–80828–CIV.**

United States District Court, S.D. Florida.

Nov. 5, 2013.

Venol Cyprian Adams, West Palm Beach, FL, Peter Dale Fellows, North Miami Beach, FL, for Plaintiff.

Justin G. Prociv, Lapin & Leichtling, LLP, Coral Gables, FL, Adam Grant Schwartz, Akerman Senterfitt, West Palm Beach, FL, for Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

KENNETH L. RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to Flagstar Bank, FSB's ("Flagstar") motion to dismiss, filed August 26, 2013 [DE 8]. Plaintiff Ronald Kaan ("Plaintiff") responded on October 21, 2013 [DE 22]. Flagstar replied on October 25, 2013 [DE 23]. This motion is also before the Court pursuant to Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss, filed August 26, 2013 [DE 8]. Plaintiff responded on October 21, 2013 [DE 22]. Wells Fargo and MERS replied on October 25, 2013 [DE 24]. These motions are ripe for adjudication.

## I. BACKGROUND

On September 6, 2006, Plaintiff executed and delivered a note and security payment of same to MERS, as nominee for Aegis Wholesale Corporation, with regard to residential property located at 2115 South Ocean Boulevard, # 2, Delray Beach, Florida 33483. The mortgage was recorded in the public records of Palm Beach County on September 14, 2013. The mortgage was assigned to Wells Fargo Bank, N.A., as Trustee for The Holders of Harborview 2006–12 [1] on January 9, 2008. Flagstar holds a home equity line of credit mortgage on the property.

Plaintiff defaulted under the note and mortgage by failing to pay the payment due July 1, 2007. Wells Fargo brought a foreclosure action on February 15, 2008. The foreclosure action alleged a default of Plaintiff's July 1, 2007 through February 1, 2008 note and mortgage payments and that Plaintiff owed $773,132.70, representing principal due on the note and mortgage, interest from June 1, 2007 and title search expenses for ascertaining necessary parties to the foreclosure action.[2] Plaintiff never answered or responded to either the foreclosure action. Wells Fargo voluntarily dismissed the action without prejudice in September 2011.[3]

Plaintiff brings this quiet title action, alleging that because the state court dis-

---

1. Plaintiff named "Wells Fargo Bank, N.A." in its national banking capacity only, rather than naming Wells Fargo Bank, N.A. in its capacity "As Trustee For" the Trust. Nevertheless, it is clear that Plaintiff is seeking relief in this quiet title action against "Wells Fargo Bank, N.A. As Trustee For The Holders Of Harborview 2006–12" (defined above as the "Trust").

2. An amended complaint in the foreclosure action alleged that Plaintiff "defaulted under the Note and Mortgage by failing to pay the payment due July 1, 2007, *and all subsequent payments.*" (DE 11, Ex. A ¶ 6) (emphasis added).

    "It is the law in this circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Crenshaw v. Lister*, 556 F.3d 1283,

1292 (11th Cir.2009) (per curiam) (citations omitted). "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v. Coweta County, Ga.*, 708 F.3d 1243, 1252, n. 13 (11th Cir.2013); Fed.R.Civ.P. 10(c).

3. The information in this paragraph is largely taken from exhibits attached to Wells Fargo's motion to dismiss. *See Starship*, 708 F.3d at 1252 n. 13 (exhibits attached to a motion to dismiss may be considered on a Rule 12(b)(6) motion without converting the motion to one for summary judgment).

missed the foreclosure action, any recovery under the note or mortgage between now and the note's October 1, 2046 maturity date is barred by Florida's five year statute of limitations. All Defendants move to dismiss for failure to state a claim.

## II. *LEGAL STANDARD*

On a motion to dismiss, while the Court takes the plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003) (citing *South Florida Water Mgm't Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996)). Plaintiff's obligation to provide the grounds for his entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca–Cola Bottling Co.,* 516 F.3d 955, 974 (11th Cir.2008) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 and finding allegations insufficient to meet *Twombly* standard). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft,* 556 U.S. at 679, 129 S.Ct. 1937. A determination of whether a complaint states a plausible claim for relief requires the reviewing court "to draw on its judicial experience and common sense." *Id.* When a plaintiff fails to plead factual content permitting the court to infer more than the mere possibility of misconduct, it has not

"shown" entitlement to relief. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

## III. *DISCUSSION*

### A. Wells Fargo

■ To state a claim to quiet title in Florida, Plaintiff must not only allege plausible facts showing his title to the land at issue, but also plausible facts showing that a cloud on that title exists. *Stark v. Frayer,* 67 So.2d 237, 239 (Fla.1953). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Id.* (citations omitted). *See also McDaniel v. McElvy,* 91 Fla. 770, 108 So. 820, 830 (1926) ("Thus, if the suit is brought to remove a particular cloud, the facts which show the existence—actual, apparent, or potential—of that cloud are essential parts of the complainant's cause of action, and must be alleged.") (citation omitted).

■ Plaintiff contends that the dismissal of the foreclosure action invalidates the note and mortgage and therefore bars subsequent foreclosure actions for defaults on subsequent payments. *Singleton v. Greymar Assoc.,* 882 So.2d 1004 (Fla.2004), asked whether a first foreclosure action alleging default on mortgage payments running from September 1999 through February 2000, which was dismissed with prejudice, barred a consecutive foreclosure action alleging default of mortgage payments due beginning in April 2000. *Id.* at 1005. *Singleton* held that a first foreclosure action did not bar a second foreclosure action:

> [A]cceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue.... This seeming variance from the traditional law of res judicata rests

upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship . . . . . If res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note—merely because she prevailed in the first action. Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.

*Id.* at 1007–08 (internal citations omitted). *See also Star Funding Solutions, LLC v. Krondes,* 101 So.3d 403, 403 (Fla.Dist.Ct. App.2012) ("A new default, based on a different act or date of default not alleged in the dismissed action, creates a new cause of action. . . . Thus, the trial court's dismissal with prejudice of Star Funding's first foreclosure action does not preclude Star Funding from instituting a new foreclosure action."); *PNC Bank, N.A. v. Neal, et al.,* Case No. 1D12–2544, —— So.3d ——, 2013 WL 5779048 (Fla.Dist.Ct. App.2013), (DE 24–1, Ex. 1) ("[T]he dismissal with prejudice of PNC Bank's foreclosure action against the Neals does not preclude PNC Bank from instituting a new foreclosure action based on a different act or a new date of default not alleged in the dismissed action.").

The foreclosure action at issue here alleged a default of Plaintiff's July 1, 2007 through February 1, 2008 Note and Mortgage payments. While any claims relating to individual payment defaults that are now more than five years old may be subject to the statute of limitations, each payment default that is less than five years old, i.e., since October, 2008, created a basis for a subsequent foreclosure and/or acceleration action. *Singleton,* 882 So.2d at 1008. *See also* Fl. Stat. § 95.11(2)(c) (setting a five year statute of limitation for actions to foreclose on a mortgage). Plaintiff does not allege that he has made any payments on the mortgage since 2007. Considering Florida's statute of limitations in a light most favorable to Plaintiff, Wells Fargo has anywhere from October 1, 2013 until November 1, 2018 to file a second foreclosure action based on the default of any payment owed since October 1, 2008. *See* Fla. Stat. § 95.11(2)(c); *Singleton,* 882 So.2d at 1007–08. Accordingly, the note and mortgage remain a valid and enforceable lien against Plaintiff's property, and do not, as a matter of law, constitute a cloud on Plaintiff's property supporting a quiet title claim. *Singleton,* 882 So.2d at 1007–08; *Stark,* 67 So.2d at 239.

Even if the statute of limitations barred foreclosure due to payment defaults within the last five years, the lien would still be enforceable if Plaintiff breaches or defaults in other ways. Plaintiff not sell or transfer any interest in his property without the prior written consent of Wells Fargo. (DE 21, Ex. C ¶ 18, titled "Transfer of the Property or a Beneficial Interest in Borrower."). Wells Fargo's right to consent to a sale, and right to foreclose if it does not consent, confers separate rights that cannot be cancelled or lost because of the passage of time after a payment default.

## B. MERS

Plaintiff has failed to allege that MERS has any interest in or claim to Plaintiff's property. At most, Plaintiff refers to the pleadings from the foreclosure action, which include the mortgage and an assignment, executed by MERS in its nominal capacity only. Plaintiff does not allege any other facts giving rise to an interest in or claim to his property by

MERS. As such, Plaintiff has failed to state a quiet title claim against MERS.

## C. Flagstar

Plaintiff does not allege any facts with regard to Flagstar. Plaintiff fails to state a claim for quiet title against Flagstar.

## IV. *CONCLUSION*

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the motions to dismiss are GRANTED. The above-styled action is DISMISSED WITH PREJUDICE. That this dismissal is with prejudice does not bar Plaintiff from bringing a subsequent quiet title action predicated on other facts. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.