Justino ROMERO, et al., Plaintiffs,

v.

SUNTRUST MORTGAGE, INC., et al., Defendants.

Case No. 1:13–cv–24491–UU.

United States District Court, S.D. Florida.

Signed April 22, 2014.

**1280**

John Hasan Ruiz, Law Offices of La Ley Con John H. Ruiz, Kelley S. Roark, Kelley

Roark PA, Karen Jill Barnet–Backer, La Ley Con John H. Ruiz, P.A., Miami, FL, Rosy Anette Aponte, R. Aponte & Associates, Doral, FL, Steve Louis–Charles, Litigation, North Miami, FL, for Plaintiffs.

Randy Richard Dow, McGlinchey Stafford, Fort Lauderdale, FL, for Defendants.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss With Prejudice, D.E. 21, filed on March 7, 2014. Plaintiff filed a response on March 24, 2014. D.E. 22. Defendant filed a reply on April 3, 2014. D.E. 24. This Motion is thus ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. Defendants move that the Court dismiss each of the Counts asserted against it, arguing that Counts I, II, and III are barred by *res judicata* and fail to state a claim for relief. For the reasons set forth below, the Court finds that *res judicata* bars Count III of Plaintiffs' Complaint and that Counts I and II must be dismissed for failure to state a claim.

## BACKGROUND

Plaintiffs Justino Romero and Isabel Rodriguez are residents of Miami–Dade County, Florida. D.E. 1 ¶ 4. Defendants are foreign corporations with principal places of business outside of Florida. *Id.* ¶¶ 5, 6. On September 12, 2007, Plaintiff obtained from Defendant SunTrust Mortgage, Inc.[1] a mortgage on the subject property, located at 9455 SW 39 Street in

---

1. Defendant Mortgage Electronic Registration Systems ("MERS") acted as a nominee for Defendant Sun Trust Mortgage and assigned the mortgage on the subject property to De-

Miami, Florida. *Id.* ¶ 32. The mortgage states: "Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than October 1, 2037." D.E. 1 at 28.

Plaintiffs previously filed a Complaint in state court, which was removed to this Court, in an action to quiet title. Case No. 1:13–cv–22861–UU, Aug. 9, 2013, D.E. 1. In that action, Plaintiff alleged that the statute of limitations had run on Defendants' ability to bring a foreclosure action under the mortgage. Case No. 1:13–cv–22861–UU, Aug. 9, 2013, D.E. 1–4 ¶ 7. Plaintiff alleged that, after defaulting on the mortgage on or about July 1, 2008, Defendant Sun Trust Mortgage exercised its right to accelerate the Mortgage and demanded payment for the entire mortgage. *Id.* Sun Trust then brought a foreclosure action on October 17, 2008. *Id.* ¶ 11. The foreclosure action was voluntarily dismissed on April 15, 2011. *Id.* ¶ 12. Plaintiff's action to quiet title alleged that because Sun Trust had exercised its option to accelerate the mortgage, Defendants could no longer bring any foreclosure claim after June 30, 2013, five years after Plaintiffs originally defaulted on their mortgage. *Id.* ¶ 13. On September 4, 2013, this Court dismissed Plaintiff's Complaint, finding that the mortgage lien was not extinguished until October 1, 2042, five years after the lien's date of maturity. Case No. 1:13–cv–22861, Sept. 4, 2013, D.E. 12 at 3. This Court found that Plaintiffs failed to establish "the validity of his or her title and the invalidity of the title of the opposing party"—a requirement for a party seeking to quiet title. *Id.* at 3–4.

On December 12, 2013, Plaintiffs filed their Complaint in the instant action based on the same September 12, 2007, mortgage, seeking declaratory relief that the statute of limitations for enforcing the note and foreclosing on the mortgage has ex-pired, and bringing an action to quiet title. D.E. 1. Plaintiffs allege that Sun Trust's acceleration of the note and mortgage on October 13, 2008, started running the five year statute of limitations under Florida Statute § 95.11 to bring a foreclosure action on the mortgage or to bring an enforcement action on the promissory note. *Id.* ¶¶ 7–8. As such, Plaintiffs allege, Defendants are barred from bringing these causes of action as of October 13, 2013. *Id.* ¶ 40. Plaintiffs' Complaint also contains class action allegations, proposing potential classes of borrowers and mortgagors that entered into notes or mortgages with Defendants. D.E. 1 ¶¶ 12–30.

Defendants filed the present Motion arguing that dismissal of this action is merited because (1) Plaintiffs' claims are barred by res judicata and (2) Plaintiff failed to state a claim upon which relief can be granted. D.E. 24. Defendants assert four different grounds to support its second argument: (1) subsequent defaults on the note and mortgage trigger the running of new statutes of limitations; (2) Plaintiffs have not shown that they satisfied their obligations under the note and mortgage and therefore cannot state a claim to quiet title; (3) voluntary dismissal of the foreclosure action reversed the acceleration of Plaintiffs' note and mortgage; and (4) the mortgage lien remains unaffected and enforceable *in rem. Id.* at 8. Plaintiffs' response is rather unorganized and fails to directly address the arguments raised in Defendants' Motion. D.E. 22. The thrust of Plaintiffs' response defends their quiet title claim and distinguishes the cases relied on by Defendants. *Id.* Plaintiffs do not respond to Defendants' res judicata argument.

### *LEGAL STANDARD*

In order to state a claim, Fed.R.Civ.P. 8(a)(2) requires only "a short and plain

fendant Sun Trust Mortgage on December 11, 2008. D.E. 1 at 51.

statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937.

### DISCUSSION

#### A. Res Judicata Bars Count III

■ Res judicata bars parties from re-litigating a cause of action that was or could have been raised in a prior action where there was a final judgment on the merits. *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir.2001). Res judicata applies where four prerequisites are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action." *Id.* The Court then determines whether the "claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Id.*

These elements are easily satisfied for Count III of Plaintiffs' Complaint. First, the prior decision was rendered by this Court sitting in diversity jurisdiction. Second, the Court issued an order dismissing Plaintiffs' action for failing to state a claim, explaining that Plaintiffs' mortgage lien is not extinguished until October 1, 2042; as such, Plaintiffs failed to state a claim to quiet title. Third, the prior action involved the same parties. Fourth, Count III is the same cause of action as alleged in the previous lawsuit—a claim to quiet title. Thus, Count III is barred by res judicata.

#### B. Counts II and III Fail to State a Claim Upon Which Relief Can Be Granted

■ Res judicata does not bar Counts II and III of Plaintiffs' Complaint because the Court's previous ruling was only a final judgment on the merits of a quiet title claim. The Court's Order states, "Even assuming that Defendants are barred from bringing a mortgage foreclosure by the statute of limitations, the lien would persist and could be enforced in the event of

the property's sale." Case 1:13–cv–22861–UU, Sept. 4, 2013, D.E. 12 at 3–4. The Court did not reach the issues presently raised by Counts II and III of Plaintiffs' Complaint regarding whether the statute of limitations bars Defendant from either enforcing the promissory note or from foreclosing on the mortgage. The Court now finds as a matter of law that Plaintiffs' claims are barred.

 Normally, where a party exercises its right to accelerate the amount owed on a promissory note, the statute of limitations begins running for that party to bring a claim to enforce the promissory note. *See Cent. Home Trust Co. of Elizabeth v. Lippincott,* 392 So.2d 931, 933 (Fla. Dist.Ct.App.1980) ("The statute of limitations may commence running earlier on an installment note for payments not yet due, if the holder exercises his right to accelerate the total debt because of a default or other reason."). This principle does not apply to situations such as the current action where (1) the note is secured by a mortgage on a subject property; (2) the party who has exercised its right to accelerate brings a cause of action to enforce the note or foreclose on the mortgage; and (3) that cause of action is dismissed for any reason.

The Supreme Court of Florida in *Singleton v. Greymar Associates* held that res judicata does not bar a mortgagee from bringing successive foreclosure actions, even if the mortgagee had previously sought to accelerate payments. 882 So.2d 1004, 1008 (Fla.2004). "While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue." *Id.* at 1007. The court explained that allowing a previously unsuc-

cessful acceleration and foreclosure action to bar subsequent actions would insulate mortgagors from future foreclosure suits. *Id.* at 1008. "[T]he mortgagor would have no incentive to make future timely payments on the note." *Id.* at 1007. In its opinion, the Supreme Court of Florida relied on *Olympia Mortgage Corp. v. Pugh,* which held that voluntary dismissal of a foreclosure action means the payment owed on a note and mortgage is not accelerated. 774 So.2d 863, 866 (Fla.Dist.Ct. App.2000) ("By voluntarily dismissing the suit, Olympia in effect decided not to accelerate payment on the note and mortgage at that time."). Thus, a mortgagee can bring subsequent foreclosure or enforcement actions, even if the mortgagee had previously accelerated the note, where the previous acceleration is unsuccessful and the foreclosure action is dismissed.

The United States District Courts for the Southern and Middle Districts of Florida have applied *Singleton* to dismiss claims that are factually analogous to Plaintiffs' claims. In *Kaan v. Wells Fargo Bank, N.A.,* the plaintiff had defaulted on his note and mortgage payments on July 1, 2007. 981 F.Supp.2d 1271, 1272–73, Case No. 13–80828–CIV, 2013 WL 5944074, at *1 (S.D.Fla. Nov. 5, 2013). Defendant Wells Fargo had exercised its right to accelerate payments and brought a foreclosure action in February, 2008. *Id.;* Case 9:13–cv–80828–KLR, Sept. 20, 2013, D.E. 11–1 ¶ 7 ("Plaintiff declares the full amount payable under the Note and Mortgage to be due."). Wells Fargo voluntarily dismissed the foreclosure action in September 2011. *Id.* Plaintiff subsequently brought a quiet title action alleging that the five year statute of limitations barred any recovery under the note and mortgage because five years had passed since Wells Fargo brought a foreclosure action. *Id.* The court dismissed plaintiff's complaint, finding that Florida's statute of limitations allowed Wells Fargo to bring a foreclosure

or acceleration action relating to subsequent payment defaults on the note and mortgage that were less than five years old. *Id.* at 1274–75, 2013 WL 5944074, at *3. "Accordingly, the note and mortgage remain a valid and enforceable lien against Plaintiff's property." *Id.*

Similarly, in *Dorta v. Wilmington Trust National Association,* defendant's predecessor-in-interest brought a foreclosure action and accelerated payments on the note and mortgage on December 21, 2007. No. 5:13–cv–185–Oc–10PRL, 2014 WL 1152917, at *1 (M.D.Fla. Mar. 24, 2014). The foreclosure action was ultimately dismissed without prejudice due to lack of prosecution. *Id.* Plaintiff brought an action to "cancel and remove the Mortgage from the Subject Property, invalidate the Note, and quiet title to the Subject Property," arguing that the statute of limitations had expired five years after the initial default. *Id.* at *2. The court dismissed plaintiff's complaint, finding "it is clear that Wilmington has not lost its right to enforce the Note and the Mortgage ... simply because its first foreclosure action was dismissed." *Id.* at *6. The court followed *Kaan's* interpretation of Florida's statute of limitations, holding that the statute did not bar foreclosure and acceleration actions for defaults that had occurred within the past five years. *Id.* at *6–7 ("While Wilmington may be barred from seeking foreclosure based on defaults more than five years old, it is not barred from seeking foreclosure or from invoking its right to accelerate the entire indebtedness based on more recent defaults."). It did not matter that the mortgagee had previously invoked its right of acceleration and brought a foreclosure action because the initial acceleration and foreclosure action were unsuccessful. *Id.* at *6.

Plaintiffs' Complaint must be dismissed for the same reasons as those discussed in *Singleton, Kaan,* and *Dorta.* Although Sun Trust exercised its right to accelerate

all payments due in October 2008, the subsequent voluntary dismissal of the foreclosure action in 2011 was a decision "not to accelerate payment on the note and mortgage at that time." *Olympia Mortgage Corp.,* 774 So.2d at 866. Defendants are not barred from bringing subsequent foreclosure and acceleration actions on the note and mortgage for any payment default less than five years old. *See Kaan,* 981 F.Supp.2d at 1274–75, 2013 WL 5944074, at *3. As such, the note and mortgage remain valid and enforceable and Plaintiffs have failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Dismiss, D.E. 21, is GRANTED. It is further

ORDERED AND ADJUDGED that the Clerk of the Court SHALL administratively close this case.