**LNB–017–13, LLC, Plaintiff,**

v.

**HSBC BANK USA, National Association as Trustee for Ace Securities Corp., Home Equity/Loan Trust Series 2006–NC3, Asset–Backed Pass–Through Certificates, Defendant.**

**Case No. 1:14–CV–24800–UU.**

United States District Court,
S.D. Florida.

Signed April 7, 2015.

Dennis R. Bedard, Miami, FL, for Plaintiff.

John Robert Chiles, Nicholas Steven Agnello, Burr & Forman, LLP, Ft. Lauderdale, FL, for Defendant.

## ORDER

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant HSBC Bank USA's Motion to Dismiss. D.E. 7. The Motion to Dismiss has been fully briefed and is ripe for disposition:

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons below, Defendant HSBC Bank USA's Motion to Dismiss is GRANTED.

## BACKGROUND

This is a declaratory action brought pursuant to Chapter 86 of the Florida Statutes to declare a mortgage recorded in Official Records Book 24940, Pages 2017–2943 of the public records of Miami–Dade County null and void. On December 19, 2014, Defendant HSBC Bank USA ("HSBC") removed this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami–Dade County, Florida and invoked the Court's original jurisdiction pursuant to 28 U.S.C. § 1332. The following facts are taken from the Complaint and are accepted as true for purposes of ruling on HSBC's Motion to Dismiss:

On September 1, 2006, Jose Zelaya executed a mortgage and promissory note in favor of New Century Mortgage Corporation, which encumbered 10907 N. Kendall Drive # 422, Miami, Florida 33176 (the "encumbered property"). (Compl. ¶¶ 5–6.) Then on April 1, 2008, Jose Zelaya defaulted on the note and mortgage. *Id.* at ¶ 7.

Soon thereafter, on October 31, 2008, HSBC, as assignee of the Zelaya's note and mortgage, accelerated the mortgage and filed a foreclosure action in Miami on the encumbered property, which was dismissed on January 7, 2011 for failure to prosecute. *Id.* at ¶ 8–9. HSBC did not refile another foreclosure action for the encumbered property. *Id.* at ¶ 11.

On March 5, 2014, LNB purchased the encumbered property from Castle Apartments Condominium Association via a quitclaim deed. *Id.* at ¶ 12. In its Complaint, LNB alleges that the statute of limitations for bringing a mortgage foreclosure action in Florida is 5 years and by accelerating the mortgage on October 31, 2008, HSBC had until October 31, 2013 to file a subsequent foreclosure action and did not do so. LNB now seeks a declaration that the mortgage is null and void.

### *LEGAL STANDARD*

In order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

On a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted, the court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir.2010). The Court does not view each fact in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

Conclusory allegations will not suffice to state a claim; rather, the complaint must allege sufficient facts to state a plausible claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). This means that the factual content of the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards,* 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008)).

### *DISCUSSION*

In its Motion to Dismiss, HSBC argues that LNB failed to state a claim for quiet title because: (i) the statute of limitations is a procedural bar to bringing a lawsuit, but has no substantive effect on the validity of the lien; (ii) most claims for payment under the mortgage are not time-barred; and (iii) even if each and every claim for payment was time-barred, the mortgage contains other covenants which if breached in the future could trigger a new cause of action for foreclosure with a new 5–year statute of limitations. In response, LNB concedes that the relief it seeks in this action has been rejected by *Deutsche Bank Trust Company Americas v. Beauvais,* No. 3D14–575, —— So.3d ——, 2014 WL 7156961 (Fla.Dist.Ct.App. Dec. 17, 2014), which was issued after this action was filed. D.E. 10 at 3–4 ("It cannot be disputed that the *Beauvais* holding explicitly rejected the relief that Plaintiff seeks herein, a declaration that the mortgage is

null and void."). However, LNB contends that it should be allowed to amend its Complaint to change its prayer for relief to a declaration that HSBC is barred from enforcing the payment terms of the note and mortgage or this action should be stayed pending the appeal of *U.S. Bank National Association v. Bartram,* 140 So.3d 1007 (Fla.Dist.Ct.App.2014), to the Supreme Court of Florida.

In its reply, HSBC argues that this action should be dismissed with prejudice and the requested stay should be denied because: (i) prior decisions by this Court interpreting Florida law hold that the payment terms of the note and mortgage are not forever time-barred as post-dismissal payment breaches create new causes of action for foreclosure with correspondingly new five-year limitations periods; (ii) LNB lacks standing to attack the validity of the note and mortgage contracts through a declaratory action because it is neither a party or intended third-party beneficiary of the note and mortgage; and (iii) a stay would prejudice HSBC and the appeal of *Beauvais* is unlikely to be dispositive of this case. For the reasons discussed below, the Court agrees with HSBC and this action must be dismissed with prejudice.

 In *Beauvais,* the Third District Court of Appeal of Florida held that the lien of mortgage does not become null and void until after the expiration of the 5–year statute of limitation because Fla. Stat. § 95.281(1)(a)[1] operates as a statute of repose and terminates the mortgage lien 5 years after the maturity date that can be determined from the face of a recorded document. —— So.3d at ——–——, 2014 WL 7156961 at *10–12. LNB rightfully concedes that *Beauvais* bars its claim to

quiet title and prohibits a declaration that the mortgage is null and void. *See also Houck Corp. v. New River, Ltd.,* 900 So.2d 601, 603 (Fla.Dist.Ct.App.2005) (finding that Section 95.281 "prescribes the enforceable life of a lien" and that its purpose is "to set a definitive time limitation on a valid cause of action"); *Am. Bankers Life Assurance Co. of Fla. v. 2275 W. Corp.,* 905 So.2d 189 (Fla.Dist.Ct.App.2005) (same). Here, the recorded mortgage shows that the maturity date is October 1, 2036, D.E. 1–2 at 6, and therefore, based on Section 95.281(1)(a) the mortgage will not become null and void until after October 1, 2041. As a result of *Beauvais* and Section 95.281(1)(a), LNB's Complaint must be dismissed.

The Court further finds that a stay is not warranted here because the issue on appeal in *Bartram* is not dispositive of this action. In *Bartram,* the Fifth District Court of Appeal of Florida certified the following question to the Supreme Court of Florida:

> Does acceleration of payments due under a note and mortgage in a foreclosure action that was dismissed pursuant to rule 1.420(b), Florida Rules of Civil Procedure, trigger application of the statute of limitations to prevent a subsequent foreclosure action by the mortgagee based on all payment defaults occurring subsequent to dismissal of the first foreclosure suit?

140 So.3d at 1014. As LNB concedes in its Response to the Motion to Dismiss, its action is barred as a matter of law because pursuant to Section 95.281(1)(a) the mortgage lien will not become null and void until after October 1, 2041. The applica-

---

1. Fla. Stat. § 95.281(1)(a) states: "The lien of a mortgage or other instrument encumbering real property, herein called mortgage, except those specified in subsection (5), shall terminate after the expiration of the following periods of time: (a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity."

tion of Section 95.281(1)(a) is not on appeal to the Supreme Court of Florida and therefore, any decision rendered by that court will not be dispositive of the case at bar.

Lastly, the Court finds that leave to amend the Complaint to change its prayer for relief to a declaration that HSBC is barred from enforcing the payment terms of the note and mortgage, which would be consistent with *Beauvais's* second holding, is not warranted. In *Beauvais,* the Third District Court of Appeal of Florida also held that in the absence of a contractual reinstatement, modification by the parties, or an adjudication on the merits, once a mortgage is accelerated it is not subsequently "decelerated" by an involuntary dismissal without prejudice. —— So.3d at ——, 2014 WL 7156961 at *10. Rather, the accelerated payment of the debt continues to be due after the foreclosure action is dismissed without prejudice and the acceleration triggers the 5–year statute of limitations for the filing of a subsequent foreclosure action. *Id.* As a result, any subsequent foreclosure actions that are not commenced within 5 years of the acceleration are barred by the statute of limitations. *Id.*

 LNB cites no other authority to support its argument that this Court should allow it to amend its Complaint to change its prayer for relief to a declaration that HSBC is barred from enforcing the payment terms of the note and mortgage. And the holding in *Beauvais* is in direct conflict with the Undersigned's decision in an identical case, decisions from the United States District Courts for the Southern and Middle Districts of Florida and decisions from Florida courts. In fact, the court in *Beauvais* recognizes this conflict and has certified the conflict to the Supreme Court of Florida. *Id.* at ——, at *10 ("We certify conflict with *Evergrene Partners, Inc. v. Citibank, N.A.,*

143 So.3d 954, 956 (Fla. 4th DCA 2014).").". The court in *Beauvais* also recognizes that several courts have ruled otherwise and cites to only one other case where the Supreme Court of Nevada arrived at a similar conclusion. *Id.* at ——, at *10 ("[W]e recognize that several courts have applied *Singleton* to hold that a subsequent foreclosure action was not barred by the statute of limitations following a dismissal *without prejudice* of the first foreclosure action."). Given the overwhelming amount of authority (with the exception of *Beauvais*) barring the claim LNB seeks to add in an amended complaint, the Court finds that such an amendment would be futile.

For example in *Lopez v. HSBC Bank, N.A.,* 1:14–cv–20798–UU, 2014 WL 3361755, at *1 (S.D.Fla. Apr. 28, 2014), the plaintiffs defaulted on the mortgage and note, the defendant accelerated the mortgage and then brought a foreclosure action, which was dismissed without prejudice for lack of prosecution. In their action to quiet title, the plaintiffs alleged that the 5–year statute of limitations began to run as to the entire mortgage and note when the defendants accelerated the mortgage and note. *Id.* This Court dismissed the complaint and held that "[u]nder Florida law, HSBC's exercising its right to accelerate all payments and its bringing a foreclosure action did not begin the limitations period as to the entire mortgage and note because that foreclosure action was unsuccessful." 2014 WL 3361755, at *3.

The Court's holding in *Lopez* was in reliance on the Supreme Court of Florida's holding in *Singleton v. Greymar Associates,* 882 So.2d 1004, 1008 (Fla.2004), which held that res judicata does not bar a mortgagee from bringing successive foreclosure actions, even if the mortgagee had previously sought to accelerate payments. The

Supreme Court of Florida explained that allowing a previously unsuccessful acceleration and foreclosure action to bar subsequent actions would insulate mortgagors from future foreclosure suits and "the mortgagor would have no incentive to make future timely payments on the note." *Id.* at 1007–08. In its opinion, the Supreme Court of Florida relied on *Olympia Mortgage Corp. v. Pugh,* which held that voluntary dismissal of a foreclosure action means the payment owed on a note and mortgage is not accelerated. 774 So.2d 863, 866 (Fla.Dist.Ct.App.2000) ("By voluntarily dismissing the suit, Olympia in effect decided not to accelerate payment on the note and mortgage at that time."). Thus, based on *Singleton* and *Olympia Mortgage Corp.,* a mortgagee can bring subsequent foreclosure actions, even if the mortgagee had previously accelerated the note, where the previous acceleration is unsuccessful and the foreclosure action is dismissed.

The United States District Courts for the Southern and Middle Districts of Florida have applied *Singleton* to dismiss claims identical to the claim LNB seeks to bring in an amended complaint. In *Dorta v. Wilmington Trust National Association,* defendant's predecessor-in-interest accelerated payments on the note and mortgage and brought a foreclosure action, which was ultimately dismissed without prejudice due to lack of prosecution. No. 5:13–cv–185–Oc–10PRL, 2014 WL 1152917, at *1 (M.D.Fla. Mar. 24, 2014). Plaintiff brought an action to "cancel and remove the Mortgage from the Subject Property, invalidate the Note, and quiet title to the Subject Property," arguing that the statute of limitations for foreclosure action had expired five years after the initial default. *Id.* at *2. The court dismissed plaintiff's complaint and held that "it is clear that Wilmington has not lost its right to enforce the Note and the Mortgage ... simply because its first foreclosure action was dismissed." *Id.* at *6. The court further ex-

plained that "that even where a mortgagee initiates a foreclosure action and invokes its right of acceleration, if the mortgagee's foreclosure action is unsuccessful for whatever reason, the mortgagee still has the right to file later foreclosure actions ... so long as they are based on separate defaults." *Id.*

Similarly in *Torres v. Countrywide Home Loans, Inc.,* Case No. 14–20759–CIV, 2014 WL 3742141, at *1 (S.D.Fla. July 29, 2014), plaintiff sought a declaration that the statute of limitations for foreclosing on the mortgage had expired after a prior foreclosure action was dismissed without prejudice. In dismissing the complaint, the court held that "[w]hile any claims relating to individual payment defaults that are more than five years old may be subject to the statute of limitations, each payment default that is less than five years old creates a basis for a subsequent foreclosure or acceleration action." *Id.* at *4. *See also Romero v. SunTrust Mortgage, Inc.,* 15 F.Supp.3d 1279 (S.D.Fla.2014) (holding that the defendants were not "barred from bringing subsequent foreclosure and acceleration actions on the note and mortgage for any payment default less than five years old" because "the subsequent voluntary dismissal of the foreclosure action in 2011 was a decision 'not to accelerate payment on the note and mortgage at that time.'") (citation omitted); *Kaan v. Wells Fargo Bank, N.A.,* 981 F.Supp.2d 1271 (S.D.Fla.2013) (dismissing plaintiff's complaint and finding that Florida's statute of limitations allowed Wells Fargo to bring a foreclosure or acceleration action relating to subsequent payment defaults on the note and mortgage that were less than five years old).

With the exception of *Beauvais,* the current state of the law does not support the claim LNB seeks to bring in an amended complaint, *i.e.,* prior acceleration and expi-

ration of the 5–year statute of limitations for foreclosure actions bars all other foreclosure actions based on non-payment. The Court recognizes that whether such a claim is viable is on appeal before the Supreme Court of Florida due to the question certified in *Bartram* and it is possible that that court could overrule years of precedent finding that such a claim should be dismissed; however, as the law currently stands, the majority of cases addressing this claim have rejected it. As a result, the Court finds that an amendment would be futile and this action must be dismissed with prejudice. Accordingly, it is

ORDERED AND ADJUDGED that Defendant HSBC Bank USA's Motion to Dismiss, D.E. 7, is GRANTED. It is further

ORDERED AND ADJUDGED that Complaint is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED and all pending motions are DENIED AS MOOT.