**IN RE: Richard S. ANTHONY, Debtor.**

**Case No.: 6:14–bk–09462–CCJ**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed July 20, 2015

Catherine J. Jones, Legal Ninja, LLC, Titusville, FL, for Debtor.

## ORDER

Cynthia C. Jackson, United States Bankruptcy Judge

This case came before the Court for a final evidentiary hearing on May 13, 2015, on the debtor's Objection to Claim No. 4 of U.S. Bank. N.A. (Doc. No. 29; the "Objection") and Motion to Determine Secured Status (Doc. No. 37; the "Motion"). For the reasons set forth below, the Objection is overruled without prejudice and the Motion is denied without prejudice.

### Background

This dispute concerns whether U.S. Bank holds a claim that is enforceable against the debtor's real property. U.S. Bank alleges that it holds a note secured by a mortgage in the debtor's real property. By the Objection and the Motion, the debtor alleges that U.S. Bank's note and mortgage are unenforceable because any foreclosure action is barred by the statute of limitations and the statute of repose.

Florida law provides a five-year statute of limitations for foreclosure actions; that is, a creditor must bring a foreclosure action within five years of a default.[1] Florida law also provides a five-year statute of repose; that is, if the final maturity date of a note and mortgage is "ascertainable from the record of it", then the mortgage lien terminates "5 years after the date of maturity".[2]

U.S. Bank initiated a foreclosure action on its mortgage in state court in 2009. By the state court complaint, U.S. Bank "declare[d] the full amount due under [the] note and mortgage".[3] At that time, U.S. Bank filed a notice of lis pendens in the public records indicating that a foreclosure was pending against the property.[4] The case proceeded to trial and the court dismissed the case without prejudice in 2013. U.S. Bank has not filed another foreclosure action against the debtor since the dismissal.

1. Fla. Stat. § 95.11(2)(c).
2. Fla. Stat. § 95.281(1)(a).
3. (Debtor's Hr'g Ex. 1 ¶ 6).
4. (Debtor's Hr'g Ex. 5).

Five years have passed since U.S. Bank accelerated the note and mortgage and filed the *lis pendens*. As such, the debtor argues, U.S. Bank is now barred from filing another foreclosure action on the note and mortgage; most importantly, he contends, the debt is unenforceable and, therefore, worthless.

 The debtor puts forth two theories supporting his position [5]:

*First*, by accelerating the note and mortgage in 2009, U.S. Bank put all payments due at issue; the statute of limitations clock on this accelerated debt began ticking at that time. Five years have passed since acceleration, so U.S. Bank is now barred from bringing an action on the accelerated debt.

*Second*,[6] by filing a notice of *lis pendens* in the public records, U.S. Bank altered the record of the note and mortgage to reflect their acceleration. In effect, this made the date of acceleration the "date of maturity" for the purposes of the statute of repose. Five years have passed since acceleration, so the mortgage lien has now terminated.

U.S. Bank disagrees with the debtor's positions, but insists that this dispute must be resolved through an adversary proceed-ing, rather than on an objection to claim or a motion in the main case. On the merits, U.S. Bank argues that the debtor's theories have been adopted by only a minority of Florida courts, and that authorities from the Supreme Court of Florida and the federal courts foreclose the debtor's arguments.

### Discussion

The Objection must be overruled and the Motion denied because the relief that the debtor seeks is more appropriate for an adversary proceeding. But even if the Court is incorrect about that, the relief sought should be denied as a matter of law.

 Objections to claims and motions to determine secured status are normally contested matters that may be resolved in the main case. Federal Rule of Bankruptcy Procedure 7001(2), however, requires that certain contested matters be brought as adversary proceedings, namely, "proceeding[s] to determine the validity, priority, or extent of a lien or other interest in property".[7]

 The debtor argues that the relief he seeks here does not fall within Rule 7001(2) because he characterizes it as not determining the validity of the *lien*, but as-

---

**5.** The debtor raised a third argument that · because U.S. Bank failed to attach any written documents to the proof of claim, U.S. Bank's claim should be disallowed under Federal Rule of Bankruptcy Procedure Rule 3001(c). (*See* Doc. No. 29, at 2). The Court notes that this is a strange argument in light of the fact that *the debtor*—not U.S. Bank-filed the proof of claim. In any event, the Court disregards this argument because any insufficiencies under Rule 3001(c) are more appropriately dealt with by amendment rather than disallowance. *See, e.g., Heath v. Am. Express Travel Related Sen's. Co. (In re Heath)*, 331 B.R. 424, 435 (9th Cir. BAP 2005). Moreover, U.S. Bank has stated that if its claim survives the debtor's challenge, then it will amend the proof of claim.

**6.** At the hearing, the debtor abandoned this argument. It appears that he did this to avoid pressing an argument that clearly bore on "the validity, priority, or extent of a lien or other interest in property", which would require an adversary proceeding. *See* Fed. R. Bankr.P. 7001(2). The Court addresses this argument nonetheless to make clear that even if the Court were mistaken about the requirement for an adversary proceeding, the debtor would lose on the merits no matter how these two arguments are tangled together.

**7.** Fed. R.Bankr.P.7001(d).

determining the enforceability of the *note*. However the debtor attempts to repackage the relief sought, the *substance* bears on the validity and extent of the lien in question. This Court has acknowledged that such a challenge is appropriately brought in an adversary proceeding unless the parties agree otherwise.[8] As such, the Objection must be overruled without prejudice and the Motion must be denied without prejudice.

But even if the Court were mistaken regarding the need for an adversary proceeding, the result would not change.

■ The Court would quickly dispose of the debtor's second argument that the statute of repose has expired. The statute of repose expires five years from the maturity of the obligation as "ascertainable from the record of it". The *Us pendens* stated merely that U.S. Bank was "seeking to foreclose a mortgage" on the property.[9] Nothing on the face of the document says anything of acceleration or of the maturity date,[10] and it would be too strained to argue otherwise.[11] The Court, instead, looks to the face of the note and its maturity date of December 1, 2035.[12] As such,

the statute of repose does not expire for another 25 years.

■ The Court would also reject the debtor's first argument. The debtor's argument finds support in the recent decision *Deutsche Bank Tr. Co. v. Beauvais*. In that case, the Florida Third District Court of Appeal held that when a mortgagee accelerates a note and mortgage and initiates a foreclosure suit, the statute of limitations begins to run on the accelerated debt. When the foreclosure case is dismissed without prejudice, the court continued, the accelerated debt is not decelerated, and the statute of limitations continues to run on the accelerated debt unless otherwise decelerated. As such, under this theory, when five years pass, the statute of limitations precludes subsequent actions to collect the accelerated debt. As a corollary, the court noted, so long as the debt remains accelerated, no new payments are due, and no new payment defaults accrue; the mortgagee is, therefore, precluded from suing on a subsequent default.

The holding in *Beauvais* conflicts with several other cases from federal courts.[13] These cases uniformly hold that when

---

**8.** *In re Stewart*, 215 B.R. 633, 635 (Bankr. M.D.Fla.1997).

**9.** (Debtor's Hr'g Ex. 5).

**10.** (*See id.*); *see Deutsche Bank Tr. Co. v. Beauvais*, —— So.3d ——, ——, No, 3D14–575, 2014 WL 7156961, at *11 (Fla.Dist.Ct.App. Dec. 17, 2014)

**11.** It is a stretch to equate "seeking to foreclose a mortgage" with "changing the maturity date" because, for example, (i) the foreclosure action could be dismissed, or (ii) the foreclosing mortgagee may elect *not* to accelerate, leaving future payments due.

**12.** (*See* Debtor's Hr'g Ex. 3, at 4).

**13.** *See, e.g., LNB–017–I3, LLC v. HSBC Bank USA, N.A.*, No. 1:14–CV–24800–UU, 2015 WL 1546150 (S.D.Fla. Apr. 7, 2015); *Espinoza v.*

*Countrywide Home Loans Servicing, L.P.*, No. 14–20756–CIV, 2014 WL 3845795 (S.D.Fla. Aug. 5, 2014); *Verdecia v. Bank of N.Y.*, No. 13–62035–CIV, 2014 WL 3767668, at *3 (M.D.Fla. July 31, 2014); *Matos v. The Bank of N.Y.*, No. 14–21954–CIV, 2014 WL 3734578 (S.D.Fla. July 28, 2014); *Ros v. LaSalle Bank Natl Ass'n*, No. 14–CIV–22112, 2014 WL 3974558 (S.D.Fla. July 18, 2014); *Lopez v. HSBC Bank USA, N.A.*, No. 14–CV–20798–UU, 2014 WL 3361755 (S.D.Fla. Apr. 29, 2014); *Romero v. SunTrust Mortg., Inc.*, 15 F.Supp.3d 1279 (S.D.Fla.2014); *Dorta v. Wilmington Tr. Natl Ass'n*, No. 5:13–cv–185–Oc–fOPRL, 2014 WL 1152917 (M.D.Fla. Mar. 24, 2014); *Kaan v. Wells Fargo Bank N.A.*, 981 F.Supp.2d 1271 (S.D.Fla.2013). The holding in *Beauvais* also conflicts with holding in *US. Bank Nat'l Ass'n v. Bartram*, 140 So.3d 1007 (Fla.Dist.Ct.App.), *review granted*, 160 So.3d 892 (Fla.2014).

mortgagees accelerate the note and mortgage and bring unsuccessful foreclosure actions, the clock on the statute of limitations does not begin running as to the entire mortgage (or later defaults), and all of these cases implicitly hold that a dismissal without prejudice does not affect this.[14] And those cases that discuss the distinction between dismissals with and without prejudice reject the argument that it makes a difference.[15]

More importantly, *Beauvais* conflicts with the overriding equities stated by the Supreme Court of Florida in *Singleton v. Greymar*.[16] In that case, the court narrowed the application of *res judicata* in foreclosure cases, holding that "[w]hile it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon a subsequent default presents a separate and distinct issue".[17] A stricter application of *res judicata* would have held that "an election to accelerate puts all future installment payments in issue and forecloses successive suits".[18]

The court justified this narrow application of *res judicata* by highlighting the "unique nature of the mortgage obligation", the risk of "unjust enrichment or other inequitable results", and the fact that "foreclosure is an equitable remedy":[19]

This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship. For example, we can envision many instances in which the ... [strict application of res judicata] would result in unjust enrichment or other inequitable results. If res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note— merely because she prevailed in the first action. Clearly justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.

We must also remember that foreclosure is an equitable remedy and there may be some tension between a court's authority to adjudicate the equities and the legal doctrine of res judicata. The ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent mortgagees from being able to challenge multiple defaults on a mortgaged.[20]

With these equities in mind, the debtor's (and the *Beauvais* court's) approach to the statute of limitations issue is simply too parochial and creates too great a risk of windfalls to mortgagors. The better view

---

14. *E.g., Lopez,* 2014 WL 3361755, at *3.

15. *See, e.g., Espinoza,* 2014 WL 3845795, at *4; *Matos,* 2014 WL 3734578, at *2 ("A voluntary or even involuntary dismissal of a lender's earlier foreclosure action does not invalidate the note and mortgage and does not preclude a subsequent foreclosure action for subsequent defaults of payments".); *Dorta,* 2014 WL 1152917, at *6 & n. 3; *see also Ros,* 2014 WL 3974558, at *3.

16. 882 So.2d 1004, 1007 (Fla.2004).

17. *Id.*

18. *Stadler v. Cherry Hill Developers, Inc.,* 150 So.2d 468, 472 (Fla.Dist.Ct.App.1963).

19. *Id.* at 1007–08.

20. *Id.*

is that dismissals with and without prejudice operate in the same manner with respect to the statute of limitations in mortgage foreclosures, and that a lender in U.S. Bank's position here does not lose its right to enforce its note and mortgage merely because the statute of limitations has run as to earlier payment defaults. U.S. Bank remains free to accelerate and foreclose on the basis of later defaults. The note and mortgage are enforceable against the debtor and his property.

The Court, however, will reconsider these questions should the debtor file an adversary proceeding.

For the reasons set forth above, it is ORDERED that:

1. The Objection is overruled without prejudice.
2. The Motion is denied without prejudice.

ORDERED.