IN RE: Yodiosmay GONZALEZ and Sandra M. Gonzalez, Debtors.

Trust Mortgage LLC, Plaintiff,

v.

Residential Credit Solutions Inc., Defendant.

CASE NO. 15–17653–RAM
ADV. NO. 15–1453–BKC–RAM

United States Bankruptcy Court, S.D. Florida.

Signed January 12, 2016

Filed January 13, 2016

Linda M. Leali, Esq, Miami, FL, for Plaintiff.

James K. McDonough, Tampa, FL, for Defendant.

## ORDER GRANTING MOTION TO DISMISS

Robert A. Mark, Judge United States Bankruptcy Court

The complaint and motion to dismiss in this proceeding present an issue of Florida law: If a lender files a foreclosure case that accelerates the borrower's obligations and that case is dismissed without preju-

dice, does the statute of limitations bar a later foreclosure action filed more than five(5) years after the loan was first accelerated? For the reasons that follow, this Court adopts the majority view and concludes that the note and mortgage may still be enforced based on a default in payments occurring after the date of the defaults alleged in the original complaint. Moreover, Plaintiff's attempt to extinguish the mortgage lien fails even if the statute of limitations has expired because Florida's applicable statute of repose preserves the lien until five (5) years after the maturity date in the loan documents.

### Factual and Procedural Background.

The Plaintiff, Trust Mortgage LLC (the "Plaintiff"), holds a second mortgage on Debtors' property located at 9410 SW 60th Terrace, Miami, FL 33173 (the "Property"). The Defendant, Residential Credit Solutions, Inc. ("Residential"), holds the first mortgage on the Property. On May 28, 2009, the Bank of New York Mellon, the predecessor in interest to Residential, commenced a foreclosure proceeding against the Debtor in state court. The state court foreclosure case was voluntarily dismissed without prejudice on March 22, 2011.

Yodiosmay and Sandra Gonzalez (the "Debtors") filed their chapter 13 petition initiating the above-styled main case on April 28, 2015. In their chapter 13 case, the Debtors seek to strip off the lien securing Plaintiff's second mortgage arguing that the amount they owe to Residential under the first mortgage exceeds the value of the Property.

Plaintiff filed this adversary proceeding seeking a judgment declaring Residential's lien void. If successful, Plaintiff's lien would become the senior mortgage lien and could not be stripped off. Plaintiff's complaint was filed on July 15, 2015 [DE # 1], and amended on August 27, 2015 [DE # 11] (the "Amended Complaint"). Count I of the Amended Complaint seeks a judgment declaring that enforcement of Residential's first mortgage is barred by the five year statute of limitations in Fla. Stat. 95.11(2)(c). Count II of the Amended Complaint alleges that Residential's lien should be declared void under § 506(d) because a foreclosure action would be time-barred.

On September 28, 2015 Residential filed its Motion to Dismiss Plaintiff's Amended Complaint [DE # 16] (the "Motion to Dismiss") and on October 22, 2015, the Plaintiff filed Trust Mortgage's (I) Response to Defendant's Motion to Dismiss and Memorandum of Law and, Alternatively, (II) Motion to Continue the Hearing Date of the Motion to Dismiss [DE # 20] (the "Response"). The Court heard oral argument on the Motion to Dismiss on October 27, 2015.

### Discussion

The parties agree that Fla. Stat. 95.11(2)(c) provides a five year limitation on filing an action to foreclose a mortgage and the Court finds that the five-year period started to run when Residential's predecessor in interest filed its foreclosure case on May 28, 2009, thus accelerating the full amount of the debt. As noted earlier, the foreclosure case was dismissed without prejudice on March 22, 2011. Plaintiff alleges that no action was taken by Residential after dismissal to decelerate the debt and therefore, the statute of limitations expired on May 27, 2014, five years after the filing of the initial foreclosure case, and prior to the filing of this chapter 13 case.

Plaintiff relies on cases interpreting statutes of limitation applicable in other states and on one not yet final decision issued by a panel of Florida's Third District Court of Appeal in *Deutsche Bank*

718

Trust Co. Americas v. Beauvais, —— So.3d ——, 2014 WL 7156961 (Fla. 3d DCA Dec. 17, 2014) ("*Beauvais*"). That court held that a creditor who accelerates a note and mortgage by filing a foreclosure proceeding which is then dismissed without prejudice, is time barred from enforcing that note and mortgage 5 years later if that creditor takes no affirmative steps to decelerate.

This Court declines to follow *Beauvais*. First, the *Beauvais* decision is not yet final because the Third District Court of Appeal is reviewing the decision *en banc*.[1] Second, Florida's First, Fourth, and Fifth District Courts of Appeal have reached the opposite conclusion to that in *Beauvais* holding that, notwithstanding the acceleration of a note and mortgage in the filing of a foreclosure proceeding, subsequent defaults of the note and mortgage trigger new causes of action for statute of limitation purposes. *Nationstar Mortgage, LLC v. Brown*, 175 So.3d 833 (Fla. 1st DCA 2015)(specifically rejecting the court's holding in *Beauvais* and noting that it is contrary to the weight of authority); *U.S. Bank Nat'l Ass'n v. Bartram*, 140 So.3d 1007 (Fla. 5th DCA 2014) *cert. granted*, 160 So.3d 892 (Fla. Sept. 11, 2014) ("*Bartram*"); and *Evergrene Partners, Inc. v. Citibank, N.A.*, 143 So.3d 954 (Fla. 4th DCA 2014). Third, several federal courts that have ruled on this issue have all reached the opposite conclusion as the *Beauvais* court. *See e.g. Stern v. Bank of America Corp.* 112 F.Supp.3d 1297 (M.D.Fla.2015) (expressly rejecting the holding in *Beauvais*); *Torres v. Countrywide Home Loans, Inc.*, 2014 WL 3742141, at *1 (S.D.Fla. July 29, 2014); and *Kaan v. Wells Fargo Bank, N.A.*, 981 F.Supp.2d 1271 (S.D.Fla.2013).

In its Response, the Plaintiff seeks alternative relief if the Court rejects the *Beauvais* holding. Specifically the Plaintiff asks the Court to defer ruling on the Motion to Dismiss until after the Florida Supreme Court rules in the appeal pending in the *Bartram* case cited earlier. This appeal, the Plaintiffs argue, will resolve the current split of authority in Florida's District Courts of Appeal as to acceleration and Fla. Stat. 95.11(2)(c).

■ The Court is also denying this alternative request for relief. Even if the Florida Supreme Court reverses *Bartram* and adopts *Beauvais*, Residential's mortgage lien will not be extinguished. That is so because termination of a mortgage lien is governed by Fla. Stat. 95.281(1)(b), Florida's statute of repose. Under that statute, a mortgage lien does not terminate until five years after the date of maturity provided in the mortgage documents, here, December 1, 2040. As discussed by Florida's Second District Court of Appeal in *Houck Corporation v. New River, Ltd.*, 900 So.2d 601 (Fla. 2d DCA 2005), the statute of repose preserves the lien on property even if an action to enforce is precluded by Fla. Stat. 95.112)(c). Moreover, even the *Beauvais* court refused to extinguish the lien. The court found that the trial court erred in determining that the mortgage was null and void, recognizing that the statute of repose determines the duration of a mortgage lien. *Beauvais* —— So.3d at —— – ——, 2014 WL 7156961 at *10–11. Thus, even if Residential were barred from enforcing the note and mortgage against the Debtor, the lien on the property remains, and the lien would become enforceable should the Debtor attempt to sell or refinance the property

1.  *See Deutsche Bank v. Beauvais*, 2015 WL 5286024 (Fla. 3rd DCA Aug. 3, 2015) setting a briefing schedule and identifying the issues to be considered at a rehearing *en banc* scheduled for November 12, 2015.

before the statute of repose expires.[2] Therefore, it is-

**ORDERED** as follows:

1. The Motion to Dismiss is granted.

2. All counts of the Amended Complaint are dismissed with prejudice.

**ORDERED in the Southern District of Florida on January 12, 2016.**

2. The Court also rejects Plaintiff's argument that Residential's lien would be void under § 506(d) if the filing of a foreclosure was time-barred. *See Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (even after a debtor's personal liability under a note and mortgage is discharged, the mortgage holder retains a secured claim against the debtor's property). As applied here, Residential's mortgage lien would remain a secured claim under Florida's statute of repose and would not be void under § 506(d) even if the statute of limitation for filing a foreclosure action expired.