# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**NINA SOLONENKO** and **VALERIY SOLONENKO,**
Appellants,

v.

**GEORGIA NOTES 18, LLC, FELICE CELLINI, EDWARD B. CELLINI, LUCKY NATION, LLC, RIVIERA ISLES MASTER ASSOCIATION, INC., AMALFI HOMEOWNERS ASSOCIATION, INC., UNKNOWN SPOUSE OF FELICE CELLINI** a/k/a **FELICE E. CELLINI, UNKNOWN SPOUSE OF EDWARD B. CELLINI, UNKNOWN SPOUSE OF NINA SOLONENKO, UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISES, GRANTEES, OR OTHER CLAIMANTS, TENANT #1** and **TENANT #2, TENANT #3** and **TENANT #4,** the names being fictitious to account for parties in possession,
Appellees.

No. 4D14-3001

[ January 6, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; Case No. CAE14003589(11).

Andrey Solonenko, Miramar, for appellants.

Michael B. Stevens and Theodore A. Stevens of Derrevere, Hawkes, Black & Cozad, West Palm Beach, for Appellee Georgia Notes 18 LLC.

**ON MOTION FOR WRITTEN OPINION AND FOR CERTIFICATION**

PER CURIAM.

We grant appellants' request for a written opinion, withdraw our previously-issued per curiam affirmance, and substitute the following opinion in its place.

We affirm the final judgment of foreclosure and write solely to explain

our conclusion that there were no genuine issues of material fact regarding appellants' statute of limitations defense.

An action to foreclose a mortgage has a five-year statute of limitations. § 95.11(2)(c), Fla. Stat. (2013). Appellants argue that the foreclosure action was barred by the statute of limitations because it was filed over five years after the date of default alleged in a 2008 foreclosure action that was voluntarily dismissed. However, the present action, which was brought in February 2014, was based upon a different event of default—namely, the borrowers' failure to make the payment due on March 1, 2009. We have held that a voluntarily dismissed foreclosure action "does not bar subsequent actions and acceleration based upon different events of default," and "any acts of default still within the statute of limitations may be raised in a subsequent suit." *See Evergrene Partners, Inc. v. Citibank, N.A.*, 143 So. 3d 954, 955-56 (Fla. 4th DCA 2014); *but see Deutsche Bank Trust Co. Americas v. Beauvais*, 40 Fla. L. Weekly D1 (Fla. 3d DCA Dec. 17, 2014) (certifying conflict with *Evergrene Partners* and holding that an accelerated debt was not "decelerated" by an involuntary dismissal without prejudice, the statute of limitations on the action on the accelerated debt continued to run, and there could be no "new" default upon which to base a "new" cause of action for purposes of the statute of limitations).[1]

Therefore, under this court's precedent, the action was timely brought within the five-year statute of limitations. We affirm the final judgment and certify conflict with *Beauvais*. However, we decline to certify an issue of great public importance, as the certification of conflict is sufficient to allow appellants to seek the discretionary review of the Florida Supreme Court.[2]

*Affirmed.*

WARNER, TAYLOR and FORST, JJ., concur.

* * *

[1] *Beauvais* has been set for rehearing *en banc* by the Third District.
[2] We note that the Fifth District has already certified a similar, but not identical, issue to the Florida Supreme Court. *See U.S. Bank Nat'l Ass'n v. Bartram*, 140 So. 3d 1007, 1014 (Fla. 5th DCA 2014), *rev. granted*, 160 So. 3d 892 (Fla. 2014). The question certified was as follows: "Does acceleration of payments due under a note and mortgage in a foreclosure action that was dismissed pursuant to rule 1.420(b), Florida Rules of Civil Procedure, trigger application of the statute of limitations to prevent a subsequent foreclosure action by the mortgagee based on all payment defaults occurring subsequent to dismissal of the first foreclosure suit?" *Id.*

2

*Not final until disposition of timely filed motion for rehearing.*