# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2208
Lower Tribunal No. 14-2149
_____

**Jorge Pablo Collazo and Maria Edith Collazo,**
Appellants,

vs.

**HSBC Bank USA, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge.

Hector A. Pena, for appellants.

Albertelli Law and Matthew L. Schulis (Tampa), for appellee.

Before SHEPHERD, SALTER and EMAS, JJ.

SALTER, J.

<u>On Motion for Rehearing</u>

Upon consideration of the appellants' motion for rehearing, we withdraw our

opinion issued April 13, 2016, in this appeal, and substitute the following opinion in its place.[1]

Jorge and Maria Collazo appeal a final judgment of foreclosure entered on a defaulted residential mortgage. The appellee and mortgagee, HSBC Bank USA, N.A. ("HSBC"),[2] commenced the lawsuit below in January 2014, over five years after (a) the alleged payment default, (b) acceleration of the entire indebtedness in a notice sent to the Collazos in 2008, and (c) the commencement of a previous foreclosure suit in 2008, dismissed without prejudice in 2011 following HSBC's failure to comply with a court order. The Collazos maintain that the final judgment of foreclosure must be reversed because of the expiration of the five-year statute of limitations[3] applicable to the mortgage note.

This Court's decision issued on rehearing en banc in the case of Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016), holds that the five-year statute does not bar a second foreclosure suit filed on a subsequent payment default occurring within the five-year statutory period preceding the

---

[1] In the same motion, the appellees also moved for certification of conflict to the Supreme Court of Florida; that aspect of the motion is denied.

[2] HSBC did not respond to an order directing it to file an answer brief, nor has it filed a memorandum of points and authorities in support of its position. Although counsel has since appeared on its behalf, HSBC has not filed a response to the Collazos' motion for rehearing and for certification.

[3] § 95.11(2)(c), Fla. Stat. (2014).

commencement of the second suit. The Fifth District has reached a similar conclusion in the case of U.S. Bank National Association v. Bartram, 140 So. 3d 1007, 1014 (Fla. 5th DCA), review granted, 160 So. 3d 892 (Fla. 2014) ("Therefore, we conclude that a foreclosure action for default in payments occurring after the order of dismissal in the first foreclosure action is not barred by the statute of limitations found in section 95.11(2)(c), Florida Statutes, provided the subsequent foreclosure action on the subsequent defaults is brought within the limitations period.").

The record in the present case discloses that HSBC asserted the same payment default date and basis for acceleration in both the 2008 and 2014 complaints, a date over five years preceding the commencement of the 2014 case in the circuit court. As a result, we reverse the final judgment of foreclosure and remand the case for dismissal without prejudice in accordance with this Court's recent opinion on rehearing en banc in Beauvais.[4]

Reversed and remanded with instructions.

_____

[4] Our Beauvais decision and the case at hand may also be affected by the Florida Supreme Court's determination of the limitations issues in the pending Bartram case.

SHEPHERD, J., concurring

I concur in the reversal of the final judgment of foreclosure in this case. I write only to dispel any confusion concerning whether this is a pipeline case under U.S. Bank National Association v. Bartram, 140 So. 3d 1007 (Fla. 5th DCA), review granted, 160 S0. Ed 892 (Fla. 2014), or Deutsche Bank Trust Company v. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016) (pending review, Case No. SC 16-732). The issue in those cases was whether an adjudication denying acceleration and foreclosure in one circumstance bars a subsequent action to foreclose the same mortgage. Both cases hold that a subsequent foreclosure action is not barred so long as the second action is brought on a subsequent default within the five-year limitation period for bringing the action under section 95.11(2)(c) of the Florida Statutes. Beauvais at 953; Bartram at 1014. The actions before their respective courts in Bartram and Beauvais were both based upon a subsequent default occurring within the five-year statutory period. Beauvais at 940; Bartram at 1009.

In contrast to these two cases, the foreclosure action in the case before us was commenced on January 24, 2014, based on a default in payment alleged to have occurred on April 1, 2008. Counsel for HSBC insisted on trying the case on the basis of that default. After hearing the evidence, the trial court entered final

4

judgment and calculated all amounts due and payable based upon that default date over borrowers' objections and involuntary dismissal motions. In short, unlike counsel for the lenders in both the <u>Bartram</u> and <u>Beauvais</u> cases, who circumvented the statute of limitations in those cases by alleging a default within the five-year limitation period, counsel for HSBC, when challenged, doubled down on a stale default outside the limitation period. That fact distinguishes the case before us from both <u>Bartram</u> and <u>Beauvais</u>.

It is possible – it is always possible – that a decision in a case pending in our High Court may have some effect on a decision of this court that is not yet final. That is at least theoretically possible in the case before us. However, the validity of our decision in this case is not directly dependent upon the outcome of <u>Bartram</u> or <u>Beauvais</u> in the Florida Supreme Court.